## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **KRISTINA HASKINS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CIVIL ACTION NO.:** |
| | * | |
| **LEROY LEE, an individual; and** | * | |
| **BONDED TRANSPORTATION,** | * | |
| | * | |
| **Defendants.** | * | |

## NOTICE OF REMOVAL

COMES NOW Defendant, **Leroy Lee,** hereinafter "Defendant Lee" or "Lee") pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, files this Notice of Removal of the foregoing cause from the Circuit Court of Montgomery County, Alabama, to the United States District Court for the Middle District of Alabama, Northern Division, and, as grounds for removal, show unto the Court the following:

1.     Plaintiff, Kristina Haskins, initiated this civil action against the Defendants on or about June 3, 2022, in the Circuit Court of Montgomery County, Alabama, Civil Action No. CV-2018-902379. Pursuant to 28 U.S.C. § 1446(a), copies of all pleadings, as well as copies of all process and other papers on file in the record of the state court action, which are within the possession, custody and control of Defendant, are attached hereto as Exhibit "1".

2.     The Defendant Lee files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446, and asserts federal diversity of citizenship jurisdiction pursuant to 28 U.S.C. § 1332.  This action could have originally been brought in this Court pursuant to 28 U.S.C. § 1332.  This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a)(1), as complete diversity of citizenship exists between the Parties, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

3.     Pursuant to 28 U.S.C. § 1332(a)(1), complete diversity exists between the parties properly joined and served in this Action, both now and at the time the lawsuit was filed in state court.  Plaintiff Kristina Haskins is a resident and citizen of the State of Alabama.  (Ex. 1, Compl.).  Defendant Bonded Transportation is a foreign corporation with its state of incorporation and principal place of business located in Florida, therefore not citizens of Alabama. Defendant Leroy Lee is a citizen of Florida, and therefore not a citizen of Alabama. Pursuant to 28 U.S.C. § 1441(b)(1), the citizenship of fictitious defendants named in Plaintiff's Complaint "shall be disregarded" in determining whether this civil action is removable based on diversity jurisdiction. The only named and served defendants as of the filing date of this Notice of Removal are Defendant Bonded Transportation, a non-citizen of the State of Alabama, and Defendant Leroy Lee, a non-citizen of Alabama. Therefore, complete diversity of citizenship exists.

4.      **Pursuant to 28 U.S.C. § 1332(a)(1), the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.** The longstanding federal rule for determining the amount in controversy is to examine the plaintiff's complaint. *See, e.g., Lindsay v. American General Life & Accident Ins. Co.*, 133 F. Supp. 2d 1271, 1275 (N.D. Ala. 2001) (citations omitted). Here, however, Plaintiff Kristina Haskins does not specify in the Complaint the total amount of damages she seeks against the Defendants. The Eleventh Circuit precedent provides that where, as here, a plaintiff makes an unspecified damages demand in state court, "a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F. 3d 1058, 1061 (11th Cir. 2010) (*quoting Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996)). In some cases, this burden will require the removing defendant to provide additional evidence, but in other cases "it may be 'facially apparent' from the pleading itself that the amount in controversy exceeds the jurisdictional minimum, even when 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F. 3d at 1061 (*quoting Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted)).

5.      The Eleventh Circuit Court of Appeals has stated if a defendant alleges removability is facially apparent from the complaint, "the district court must

evaluate whether the complaint itself satisfies the defendant's jurisdictional burden." *Id.* at 1061.  The district court is not bound by the plaintiff's representations, and does not have to assume the plaintiff is best able to evaluate the amount of damages sought.  *Id.* (*citing Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 771 (11th Cir. 2010)).  The Eleventh Circuit Court of Appeals further stated:

> **Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable.** Put simply, a district court need not 'suspend reality or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount.' Instead, courts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements.

*Id.* at 1061-62 (citations omitted) (emphasis added).  The rationale for this rule is in part to prevent plaintiffs from defeating a court's statutory right to hear a case through artful pleading that does not specify the value of the claimed damages.  *Id.* at 1064.

6.     When the Complaint fails to provide an amount in controversy, as with the present case, courts have recently provided helpful insight to determine whether the amount in controversy burden is met. One such case explained the impact of amended 28 U.S.C. § 1446, stating "[w]hen Congress enacted this most recent amendment to § 1446, it did not intend to require the court to which the case is removed to do more than to exercise reasonable judgment, based on the allegations

in the complaint, and other undisputed facts." *Smith v. State Farm Fire & Cas. Co.*, 868 F. Supp. 2d 1333, 1334 (N.D. Al. 2012). In *Smith*, the court went on to state that where the complaint does not contain an *ad damnum* clause, "the court is allowed reasonable deductions and extrapolations." *Id.* at 1335. The *Smith* court further stated "[t]his court is informed and verily believes" Congress amended § 1446 "to slow down, if not to prevent," the remand of diversity cases "where there is no *ab* (sic) *damnum* clause, but where the parties and the court know from their exercise of good sense and experience that the claim exceeds $75,000." *Id.* Perhaps more importantly, the *Smith* court stated the following:

> The court is willing to go so far as to inform plaintiffs like Smith, who want to pursue claims against diverse parties in a state court seeking unspecified damages of various kinds, such as punitive damages and emotional distress, **must in their complaint formally and expressly disclaim any entitlement to more than $74,999.99, and categorically state that plaintiff will never accept more.** Otherwise, a plaintiff will find herself in a federal court, which is now saddled by Congress with a new and heavy burden.

*Id.* (emphasis added). Finally, the *Smith* court noted in a case such as this one, if the defendant had waited for limited discovery in state court to prove the plaintiff's claim exceeded $75,000, the defendant would be facing a motion to remand for untimely removal rather than for lack of subject-matter jurisdiction. *Id.* at 1334-35.

7.  Also helpful is *Bush v. Winn Dixie Montgomery, LLC*, 2015 U.S. Dist. LEXIS 115272 (N.D. Ala. Aug. 31, 2015). In *Bush*, the court noted that prior to the decision by the Eleventh Circuit Court of Appeals in *Roe v. Michelin North*

*American, Inc.*, 613 F.3d 1058 (2010), a complaint filed without an *ad damnum* clause would have invited a defendant to use discovery admissions to establish the amount in controversy prior to removal, as was done by the *Bush* defendant. *Bush v. Winn Dixie Montgomery, LLC*, 2015 U.S. Dist. LEXIS 115272, *2 (N.D. Ala. Aug. 31, 2015). The court further explained the Eleventh Circuit Court of Appeals "took corrective steps", because federal judges in Alabama "were routinely remanding diversity cases for lack of a clear appearance of the jurisdictional amount in the state court complaint." *Bush*, 2015 U.S. Dist. LEXIS 115272, at *2-3. The *Bush* court noted the Eleventh Circuit, which binds federal courts in Alabama:

> finally acknowledged the self-evident, namely, that a plaintiff like Bush, **who claims to have sustained a very substantial personal injury at the hands of a defendant and who charges that defendant with wantonness and who seeks to recover for pain, suffering, and mental anguish, and seeks punitive damages, is realistically hoping to recover more than $75,000.**

*Bush*, 2015 U.S. Dist. LEXIS 115272, at *3 (emphasis added).

8.      As a final example, the Defendants point this court to *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582 (N.D. Ala. Jan. 29, 2013). In *Seckel*, the court found that, although the plaintiff only claimed $26,430 in damages in his state court complaint, the unspecified damages the plaintiff sought for alleged emotional distress and unjust enrichment allowed the defendant to meet the amount in controversy requirement. *Seckel v. Travelers Home & Marine Ins. Co.*, 2013 U.S. Dist. LEXIS 11582, *5 (N.D. Ala. Jan. 29, 2013). The

Court held that, "[w]ithout an affidavit from [the plaintiff] stating that he will not claim any more than $74,999.99 from Travelers in damages, this court has jurisdiction over the case and DENIES [the plaintiff's] motion to remand." *Seckel*, 2013 U.S. Dist. LEXIS 11582, at *5.

9.     **Here, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000.** This action arises out of an alleged incident that occurred on August 23, 2020, in Montgomery County, Alabama. (Ex. 1, Compl.). Plaintiff alleges that she was driving her vehicle when the Defendant caused his truck to collide with her vehicle. (Ex. 1, Compl.). Plaintiff Jerreld Welch claims she suffered personal injuries and damages as a result of this accident. (Ex. 1, Compl. at ¶ 9).

10.     Plaintiff Kristina Haskins claims the accident caused physical injuries to her person. (Ex. 1, Compl. at ¶ 9). In addition, Plaintiff claims lost wages, permanent loss of wage earning capacity, pain and suffering, emotional distress, medical bills, and mental anguish. (Ex. 1, Compl. at ¶ 9).

11.     In her Complaint, Plaintiff Kristina Haskins sets forth claims for negligence, wantonness, respondeat superior and agency, as well as negligent hiring, training, retention, maintenance, operation service, and supervision against the Defendants. (Ex. 1, Compl. at ¶¶ 1, 4, 11, 16). Plaintiff Kristina Haskins demands judgment against the Defendants for compensatory damages, punitive damages, as

well as reasonable attorney fees and other revocable damages, for the Defendants'
conduct. (Ex. 1, Compl.). Plaintiff Kristina Haskins does not make a more specific
demand for damages in her Complaint. The Plaintiff further fails to disclaim the right
to, or acceptance of, damages exceeding $74,999.99.

12.     As with the cases above, Plaintiff Kristina Haskins claims she sustained
substantial personal injuries as a result of Defendants' alleged negligent and willful
behavior, and seeks to recover both compensatory and punitive damages for physical
pain and suffering, emotional distress, past and future lost income and earning
capacity, and incurred medical bills. Consequently, the Plaintiff is "realistically
hoping to recover more than $75,000" individually, and the amount in controversy
requirement is satisfied in this case.

13.     This Notice of Removal is filed in the United States District Court for
the Middle District of Alabama, Northern Division, within the time allowed by law
for the removal of actions to the United States District Courts.  Defendant Bonded
Transportation, Inc. was served with the Summons and Complaint on or about June
9, 2022.  (Ex. 1, Notice of Service for Southland). Defendant Leroy Lee was served
with the Summons and Complaint on or about September 27, 2022. This Notice of
Removal is timely because it is filed "within 30 days after the receipt by the
Defendant Lee, through service or otherwise, of a copy of the initial pleading setting
forth the claim for relief upon which such action or proceeding is based."  28 U.S.C.

§ 1446(b)(1). Accordingly, the prerequisites for removal pursuant to 28 U.S.C. § 1441 have been met.

14.     Without waiver of any defenses or objections including, but not limited to, improper process, improper service of process, improper venue, and lack of personal jurisdiction, Defendant Leroy Lee submits this Notice of Removal.

15.     Pursuant to 28 U.S.C. § 1446(d), Defendant Lee shows a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Montgomery County, Alabama. Further, the Defendants represent to this Court that a copy of this Notice of Removal is also being served upon counsel for Plaintiff.

Respectfully submitted,

/s/  Shaun A. DeCoudres
**SHAUN A. DECOUDRES (DEC004)**
**GRANT L. SMITH (SMI381)**
Attorneys for the Defendants

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
sdecoudres@carrallison.com
(205) 822-2006

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 3rd of October, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

√       Using the CM/ECF system which will send notifications of such to the
        following:

Michael L. White, Esq.
Floyd, Hunter & White, P.C.
P.O. Box 1227
Millbrook, Alabama 36054

                                    /s/  Shaun A. DeCoudres
                                         **OF COUNSEL**