

AlaFile E-Notice

03-CV-2022-900667.00

To: MICHAEL LOY WHITE
mwhite@floydhunter.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KRISTINA HASKINS V. LEROY LEE ET AL
03-CV-2022-900667.00

The following complaint was FILED on 6/3/2022 2:57:29 PM

Notice Date:     6/3/2022 2:57:29 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
6/3/2022 2:58 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case 03<br><br>Date of Filing:   Judge Code:<br>06/03/2022 |
|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**
**KRISTINA HASKINS v. LEROY LEE ET AL**

**First Plaintiff:** ☐ Business  ☑ Individual    **First Defendant:** ☐ Business  ☑ Individual
               ☐ Government  ☐ Other                          ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/ Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/ Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**   F ☑ INITIAL FILING        A ☐ APPEAL FROM DISTRICT COURT        O ☐ OTHER
          R ☐ REMANDED        T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**   ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
WHI095          6/3/2022 2:58:26 PM          /s/ MICHAEL LOY WHITE
                       Date                  Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**        ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**   ☐ YES ☑ NO

ELECTRONICALLY FILED
6/3/2022 2:58 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KRISTINA HASKINS, | ) | |
| an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.:  CV-2022-_____ |
| v. | ) | |
| | ) | |
| LEROY LEE, | ) | PLAINTIFF DEMANDS |
| an individual; | ) | TRIAL BY STRUCK |
| BONDED TRANSPORTATION, | ) | |
| a corporation. | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S COMPLAINT

### FICTITIOUS PARTIES

No. 1, whether singular or plural, the driver of the motor vehicle which collided with plaintiff's vehicle and whose negligence caused the plaintiff's injuries on the occasion made the basis of this suit;

No. 2, whether singular or plural, the owner of the motor vehicle which collided with plaintiff's vehicle on the occasion made the basis of this suit;

No. 3, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit;

No. 4, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint;

No. 5, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof;

No. 6, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit;

No. 7, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's vehicle was performing some type of service or employment duty at the time of this collision;

No. 8, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence;

No. 9, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence;

No. 10, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

No. 11, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

No. 12, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit;

No. 13, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage);

No. 14, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

No. 15, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above;

No. 16, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities was described above. Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained;

## PARTIES

1.      Plaintiff, Kristina Haskins (hereinafter "Plaintiff"), is an individual over the age of nineteen

(19) and a resident of Montgomery County, Alabama.

2.     Defendant, Leroy Lee (hereinafter "Defendant Lee"), is an individual over the age of nineteen (19) and upon information and belief, is a resident of Pensacola, Florida.

3.     Defendant Bonded Transportation, Inc. (hereinafter "Defendant "Bonded"), upon information and belief, is a foreign corporation that conducts business within the State of Alabama, having its principal place of business at 301 Myrick St., Pensacola, Florida 32505.

4.     Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

**FACTS**

5.     On or about August 23, 2020, Plaintiff was operating a motor vehicle traveling on W. South Blvd. in Montgomery County, Alabama.

6.     At the aforesaid time, Defendant Lee was operating a 2017 Freightliner Cascadia commercial motor vehicle, VIN No.: 3AKJHHDR1JSJR0439.  Upon information and belief, said commercial motor vehicle was owned by, and/or operated by, and on behalf of Defendant Bonded Transportation, Inc.

7.     At the aforesaid time, Defendant Lee was operating said commercial motor vehicle southbound on W. South Blvd., in Montgomery Alabama, ahead of the Plaintiff's vehicle, one lane to the left of the Plaintiff.

8.     At the aforesaid time and place, Defendant Lee made an illegal right turn from the middle lane of traffic, across the Plaintiff's lane of travel, and caused or allowed his vehicle to collide with the vehicle operated by the Plaintiff.

9.     As a result of the acts and/or omissions of the above-described Defendants, Plaintiff was injured and damaged as follows:

a.     Plaintiff sustained multiple injuries to his neck, back, and both hands;

b.    Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

c.    Plaintiff has experienced and continues to experience mental anguish;

d.    Plaintiff is reasonably certain to experience mental anguish in the future;

e.    Plaintiff was caused to incur medical expenses for treatment from various doctors, physicians, and hospitals;

f.    Plaintiff was caused to incur out-of-pocket medical expenses;

g.    Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits.

## COUNT ONE – NEGLIGENCE/WANTONNESS
### (Against Defendant Lee and Bonded Transportation, Inc.)

10.    Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

11.    At the aforesaid time and place, Defendants Lee and Bonded Transportation, Inc. and/or one or more of the fictitious party Defendants listed and described in the caption hereinabove, negligently and/or wantonly caused and/or allowed a commercial motor vehicle to collide with the vehicle occupied by the Plaintiff. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above in paragraph nine (9).

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the

Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT TWO – RESPONDEAT SUPERIOR
### (Against Defendant Bonded Transportation, Inc.)

12.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

13.     At the time and place of the incident made the basis of this suit, Defendant Lee was operating a commercial vehicle in the line and scope of his employment for Defendant Bonded.

14.     As such, Defendant Lee was an agent and/or employee of Defendant Bonded. Defendant Bonded was the master or principal of Defendant Lee and are vicariously liable for his actions. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above in paragraph nine (9).

        WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT THREE – NEGLIGENT/WANTON MAINTENANCE, OPERATION, SERVICE AND/OR REPAIR (Against Defendants Lee and Bonded)

15.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

16.     At the aforesaid time and place, and for some time prior thereto, Defendant Bonded was the owner, lessor, and/or lessee of said commercial vehicle driven by Defendant Lee, and as such

had the authority to supervise the maintenance, operation, service, and repair of said motor vehicle. Defendant Bonded negligently or wantonly exercised, or failed to exercise, said supervisory control over the maintenance, operation, service and/or repair of said motor vehicle. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above in paragraph nine (9).

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

### COUNT FOUR – NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND/OR RETENTION
### (Against Defendant Bonded)

17.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

18.     At the aforesaid time and place, and for some time prior thereto, Defendant Bonded had the supervisory authority and were charged with the hiring, training, supervising, and retention of its agents, employees, and/or commercial vehicle drivers, like Defendant Lee. Defendant Bonded negligently and/or wantonly exercised or failed to hire, train, supervise, and retain its commercial vehicle drivers, like and including Defendant Lee. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above in paragraph nine (9).

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory

damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

### COUNT FIVE - NEGLIGENT/WANTON ENTRUSTMENT
### (Against Defendant Bonded)

19.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

20.     On or about August 23, 2020, Defendant Bonded was the owner of, and had the right of control over the use of the commercial vehicle driven by, Defendant Lee. Defendant Bonded negligently and/or wantonly entrusted said vehicle to Defendant Lee, who negligently and/or wantonly operated said vehicle injuring the Plaintiff. Defendant Bonded entrusted said vehicle to Defendant Lee, and are therefore liable to Plaintiff. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above in paragraph nine (9).

        WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

                                        /s/     Michael L. White
                                        MICHAEL L. WHITE        (WHI095)
                                        *Attorney for the Plaintiff, Kristina Haskins*

OF COUNSEL:

**Floyd, Hunter & White, P.C.**
P.O. Box 1227
Millbrook, Alabama 36054
Telephone:      (334) 285-4488
Facsimile:      (334) 285-4552
E-mail:        mwhite@floydhunter.com

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A STRUCK JURY FOR THE TRIAL OF THIS CASE.**

**DEFENDANTS TO BE SERVED BY CLERK OF COURT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

**Leroy Lee**
N 11A Stillman St.
Pensacola, FL  32505

**Bonded Transportation, Inc.**
Via Its Registered Agent
C.W. Haul, Jr.
301 Myrick St.
Pensacola, FL  32505

ELECTRONICALLY FILED
6/3/2022 2:58 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **KRISTINA HASKINS,** | ) | |
| **an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:  CV-2022-_____** |
| **v.** | ) | |
| | ) | |
| **LEROY LEE,** | ) | **PLAINTIFF DEMANDS** |
| **an individual;** | ) | **TRIAL BY STRUCK** |
| **BONDED TRANSPORTATION, INC.** | ) | |
| **a corporation.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT BONDED TRANSPORTATION, INC.

COMES NOW the Plaintiff, Kristina Haskins, and requests the Defendant, Bonded Transportation, Inc., to respond to the following interrogatories within the time allowed by the *Alabama Rules of Civil Procedure*.

1.     Please state the name of all insurance adjuster(s) hired on Bonded Transportation, Inc.'s behalf who conducted scene investigations and/or witness interviews?

**ANSWER:**

2.     Have you (Bonded Transportation, Inc.) been correctly named in Plaintiff's Complaint? If not, please state the correct way that you should be designated as a party in an action of law at the time of the occurrence made the basis of this suit and at the time that these Interrogatories are answered.

**ANSWER:**

3.     Describe completely and in detail the vehicle driven on the occurrence made the basis of this lawsuit, including the dimensions and weight of the vehicle.

**ANSWER:**

4.      State the full name and present address of the owner of said motor vehicle driven by Leroy Lee on the date of the occurrence made the basis of this lawsuit.

**ANSWER:**

5.      If the owner of said vehicle involved in the occurrence made the basis of this lawsuit was not the driver, explain fully and in detail the presence of the driver of said vehicle.

**ANSWER:**

6.      State fully the purpose of the trip being made by Leroy Lee on the occasion made the basis of this lawsuit.

**ANSWER:**

7.      At what time had the driver, Leroy Lee, last departed his place of business prior to the occasion made the basis of this lawsuit.

**ANSWER:**

8.      What was the destination of the driver, Leroy Lee, at the time he left his business address on the date of the motor vehicle collision?

**ANSWER:**

9.      Was the driver, Leroy Lee, performing a mission, errand or duty for anybody whatsoever on the occasion made the basis of this lawsuit? If so, state the nature of the mission, errand or duty and give the name and address for the person, firm, corporation, or other entity for whom, said mission, errand or duty was being performed.

**ANSWER:**

10.     Was the driver, Leroy Lee, acting in the line and scope of his duties Bonded Transportation, Inc. at the time of the occurrence on the occasion made the basis of this lawsuit?

**ANSWER:**

11.     Please state if the vehicle involved in the occurrence made the basis of this lawsuit was damaged in any way. If your answer to this Interrogatory is in the affirmative, please state what damage the vehicle sustained and the costs of any repairs. Please attach copies of any and all repair invoices or work order for said vehicle.

**ANSWER:**

12.     State whether any of the occupants of the vehicle involved in the occurrence made the basis of this lawsuit were injured as a result of this wreck at the time of said occurrence.

**ANSWER:**

13.     Do you have in your possession any statements, oral, written or recorded, which in any way relates to the incident made the basis of this lawsuit? If your answer is in the affirmative, please attach a copy of any and all such statements to your responses to theses interrogatories.

**ANSWER:**

14.     Do you have in your possession any photographs or videotapes related in any way to the occurrence made the basis of this lawsuit, including but not limited to photographs of the Defendant's vehicle in its wrecked condition? If your answer is in the affirmative, please attach color copies of all such photographs to your responses to these interrogatories.

**ANSWER:**

15.     State if there were any cellular phones, beepers and/or pagers, car phones, mobile phones, two-way radios, CB radios, etc., or other communicative devices in the vehicle at the time of, or immediately prior to, the occurrence made the basis of this lawsuit. If the answer is yes, please answer the following:

   a) Was said communicative device being operated at the time of the occurrence made the

basis of this lawsuit?

b) Who provides service for said communicative device, i.e., who is the carrier of said service? Please list the correct name, address and account number of said service.

c) Please produce the billing statement for the month of the occurrence made the basis of this lawsuit, including but not limited to, any and all itemization of calls, transactions, etc.

d) Please produce any recordings of said communications relating to the occasion made the basis of this suit.

**ANSWER:**

16.     State whether there were any other vehicles at or near the scene of the motor vehicle collision made the basis of this lawsuit at the time of or immediately prior to said occurrence.

**ANSWER:**

17.     Do you contend that some mechanical failure or defect in your vehicle or the road or any other thing played a part in causing said incident to occur? If your answer is in the affirmative, then describe:

a) The thing that failed and how it failed, and/or describes the defect and in your description state how it contributed to causing the occurrence made the basis of this lawsuit.

b) How and in what manner any such failure or defect contributed to causing the occurrence made the basis of this lawsuit.

c) The names and addresses of each and every witness who has knowledge of any facts upon which this contention is based.

d) The facts and evidence upon which this contention is based.

**ANSWER:**

18.     State whether at the time of the motor vehicle collision made the basis of this lawsuit there

was in effect one or more policies of insurance by which the vehicle Leroy Lee was operating was insured in any manner regarding any claims resulting from said occurrence. If your answer is in the affirmative, then please state the full name and present address of the issuing company, the policy number, the named insured, and the limits of liability coverage.

**ANSWER:**

19.    Please state whether you contend any person, firm, corporation, partnership or other entity, including the defendants, contributed to cause the occurrence made the basis of this lawsuit. If your answer is in the affirmative, please state with specificity which person, firm, corporation, partnership or other entity you claim contributed to cause the occurrence made the basis of this lawsuit, and specifically, what said person, firm, corporation, partnership or other entity did to contribute to cause the occurrence made the basis of this lawsuit.

**ANSWER:**

20.    Do you have any files, correspondence, reports, documents, memoranda, or other written materials relating in any manner whatsoever to the employment of the driver, Leroy Lee, with the Defendant Bonded Transportation, Inc.? If so, please state with specificity what types of files, reports, documents, memoranda, or other written materials you have. Please attach copies to your responses to these interrogatories.

**ANSWER:**

21.    State whether Leroy Lee ever attended any of the following and, if so, when:

        a)    National Safety Council Defensive Driving Course

        b)    Any other defensive driving course

**ANSWER:**

22.     Was/Is Leroy Lee required to keep daily logs of his duties performed for Bonded Transportation, Inc.? Please attach copies of said logs for the six (6) months prior to the occurrence made the basis of this lawsuit to your answers to these interrogatories.

**ANSWER:**

23.     Please state the name(s) of any and all individuals and entities who or which performed maintenance on the vehicle involved in the occurrence on the occasion made the basis of this lawsuit.

**ANSWER:**

24.     Are the operators of Defendant's vehicles required to make a report of all accidents in which they are involved?

**ANSWER:**

25.     Did the operator make a report of the occurrence made the basis of this suit?

**ANSWER:**

26.     State the date of such report, to whom the report was made, whether the report was written or oral, and the name and address of the present custodian.

**ANSWER:**

27.     Produce any such report.

**ANSWER:**

28.     When was Leroy Lee first employed by you?

      a)     Was any investigation made of his driving record prior to his employment by you?

      b)     Did such investigation reveal any motor vehicle accidents in which he was involved?

    c)      Was a physical examination conducted by you or on your behalf prior to his employment?

    d)      List any physical defects or ailments discovered in such examination.

    e)      Did the driver advise you of any motor vehicle accidents or traffic violations in which he has involved prior to his employment by you, and if so, list those accidents.

    f)      Have you ever received any complaints by anyone concerning the operation of your vehicles by the driver? If so, identify such complaints.

**ANSWER:**

29.    Has the driver been involved in any other accidents while in your employ? If so, state:

    a.  The date and location of each accident.

    b.  The name and address of each person involved in and present at such accident.

    c.  Whether the accident was the fault of the driver.

    d.  The type of vehicle the driver was operating.

**ANSWER:**

30.    State whether any other claims or lawsuits have been made or filed against you as a result of any accidents involving the driver, Leroy Lee. If so, state:

    a)  The name and address of each claimant

    b)  The date of each claim

    c)  The filing date and court for each lawsuit

    d)  The date and location of each accident

**ANSWER:**

31.    With regard to the vehicle that was involved in the occurrence made the basis of this litigation, state:

      a)  The name and address of the manufacturer

      b)  The date it went into service for this Defendant

      c)  Whether it has been in continuous service for this Defendant since the date it went into service

      d)  Its present location and owner

      e)  The exact nature of any and all repairs made as a result of the subject occurrence.

**ANSWER:**

32.    Please state the names and addresses of the witnesses you intend to call at the trial of this cause.

**ANSWER:**

33.    Please state the name and address of each and every expert witness who will testify on your behalf in the trial of this case. Please attach a copy of said expert's Curriculum Vitae and/or resume.

**ANSWER:**

34.    Please state with specificity what exhibits upon which you intend to rely at the trial of this cause.

**ANSWER:**

35.    Have you read and understood each question in the foregoing interrogatories? If your answer is no, please state which interrogatory you did not read and/or understand and why.

**ANSWER:**

36.    Do you understand that these interrogatories are answered under oath and may be used at

the trial of this cause of action?

**ANSWER:**


_____/s/_____Michael L. White_____

MICHAEL L. WHITE          WHI095
*Attorney for the Plaintiff, Kristina Haskins*


<u>OF COUNSEL:</u>

**Floyd, Hunter & White, P.C.**
4761 Main Street
Millbrook, Alabama 36054
Telephone:     (334) 285-4488
Facsimile:     (334) 285-4552
E-mail:        mwhite@floydhunter.com




**DEFENDANTS TO BE SERVED BY CLERK OF COURT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

**Leroy Lee**
N 11A Stillman St.
Pensacola, FL  32505

**Bonded Transportation, Inc.**
Via Its Registered Agent
C.W. Haul, Jr.
301 Myrick St.
Pensacola, FL  32505

DOCUMENT 4

ELECTRONICALLY FILED
6/3/2022 2:58 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KRISTINA HASKINS, <br> an individual, <br><br>     Plaintiff, <br><br> v. <br><br> LEROY LEE, <br> an individual; <br> BONDED TRANSPORTATION, INC. <br> a corporation. <br><br>     Defendants. | ) <br> ) <br> ) <br> ) <br> )    CIVIL ACTION NO.:  CV-2022-_____ <br> ) <br> ) <br> )    PLAINTIFF DEMANDS <br> )    TRIAL BY STRUCK <br> ) <br> ) <br> ) <br> ) <br> ) |

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT BONDED TRANSPORTATION, INC.

COMES NOW the Plaintiff, Kristina Haskins, and requests the Defendant, Bonded Transportation, Inc., to produce the following documents within the time allowed by the *Alabama Rules of Civil Procedure*.

1.    Produce a copy of all employee time sheets, punch cards, or other means used to track which employees were on duty for Bonded Transportation, Inc. on the date of the incident.

**RESPONSE**:

2.    Produce copies of any photographs or motion pictures of the persons, places or things involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence and the motor vehicle collision in said occurrence.

**RESPONSE**:

3.    Produce each and every document pertaining to damage sustained by the vehicles involved in the collision made the basis of this lawsuit, including but not limited to, repair estimates and repair bills.

**RESPONSE**:

4.      Produce a list of any and all lawsuits (past and present) against this Defendant claiming injury, death, or damage due to an automobile accident. This should include the civil action number of any such lawsuits, location of filing, current disposition and identify plaintiff and defense counsel.

**RESPONSE**:

5.      Produce a list of all witnesses to be called at the trial of this case.

**RESPONSE**:

6.      Produce a copy of the declarations page of the insurance policy covering the Defendant(s) at the time of this wreck.

**RESPONSE**:

7.      Produce a list of all expert witnesses to be called at the trial of this case.

**RESPONSE**:

8.      Produce copies of any and all resumes or similar documents setting forth the educational background and qualifications of each and every expert witness who you expect to testify at the trial of this case.

**RESPONSE**:

9.      Produce a copy of any and all statements, whether recorded or written, taken of each Plaintiff or any member of Plaintiff's family at any time.

**RESPONSE**:

10.     Produce a copy of any and all statements, whether recorded or written, taken of any witnesses and/or anyone with any knowledge whatsoever of the incident made the basis of this lawsuit.

**RESPONSE**:

11.     Produce copies of any and all of Plaintiff's medical records and/or bills obtained by you pursuant to non-party subpoena or otherwise.

**RESPONSE**:

12.     Produce a copy of your department's accident driving history, including, but not limited to, each and every accident an employee for Bonded Transportation, Inc. has been involved in for the last five (5) years.

**RESPONSE**:

13.     Produce a copy of your insurance policy(s) for coverage on your motor vehicle at the time of the occurrence made the basis of this lawsuit, including the limits of liability.

**RESPONSE**:

14.     Produce a copy of any and all photographs, videotapes, discs, diagrams, recordings or other reproductions of any kind in the possession of the defendants of any person, scene, or vehicle relating to the occurrence made the basis of this lawsuit.

**RESPONSE**:

15.     Produce a copy of any discipline and/or reprimand Leroy Lee has received during his time with Bonded Transportation, Inc.

**RESPONSE**:

16.     Produce a copy of Leroy Lee's personnel file.

**RESPONSE**:

17.     Produce a copy of Bonded Transportation, Inc.'s policies pertaining to driving while under your employee.

**RESPONSE**:

18.     Produce a copy of Bonded Transportation, Inc.'s policies pertaining to what an employee should do in the event of a motor vehicle accident.

**RESPONSE**:

19.     Produce a copy of Bonded Transportation, Inc.'s policies that would in any way pertain to the subject incident involving Leroy Lee.

**RESPONSE**:

20.     Produce any urine drug screen (UDS), blood tests and/or toxicology test results for toxicology tests performed on Plaintiff on August 23, 2020, or at any other time.

**RESPONSE**:


                              /s/      Michael L. White
                         _____
                         MICHAEL L. WHITE        WHI095
                         *Attorney for the Plaintiff, Kristina Haskins*


OF COUNSEL:

**Floyd, Hunter & White, P.C.**
4761 Main Street
Millbrook, Alabama 36054
Telephone:     (334) 285-4488
Facsimile:     (334) 285-4552
E-mail:        mwhite@floydhunter.com


**DEFENDANTS TO BE SERVED BY CLERK OF COURT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

**Leroy Lee**
N 11A Stillman St.
Pensacola, FL  32505

**Bonded Transportation, Inc.**
Via Its Registered Agent
C.W. Haul, Jr.
301 Myrick St.
Pensacola, FL  32505

ELECTRONICALLY FILED
6/3/2022 2:58 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **KRISTINA HASKINS,** | ) | |
| **an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:  CV-2022-_____** |
| **v.** | ) | |
| | ) | |
| **LEROY LEE,** | ) | **PLAINTIFF DEMANDS** |
| **an individual;** | ) | **TRIAL BY STRUCK** |
| **BONDED TRANSPORTATION,** | ) | |
| **a corporation.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT LEROY LEE

COMES NOW the Plaintiff, Kristina Haskins, and requests the Defendant, Leroy Lee, to respond to the following interrogatories within the time allowed by the *Alabama Rules of Civil Procedure*.

1.      State your full correct name, residence address, business address, date of birth, social security number and driver's license number.

**ANSWER:**

2.      State the name and address of your employer(s) at the present time and for the previous fifteen (15) years, including dates of employment.

**ANSWER:**

3.       Please identify all policies of insurance that were in effect on the date of the incident, including in your answer the: name of the insurance company, policy number, policy period, named insured(s) and policy limits.

**ANSWER:**

4.      State the date, time and location of the motor vehicle collision that is the basis of this lawsuit.

**ANSWER:**

5.      State whether or not you consumed any alcoholic beverages, prescription drugs, non-prescription drugs, or medications within twelve (12) hours prior to the incident and if so, state the type of beverage or drug consumed, when and where you consumed it and the amount/quantity consumed.

**ANSWER:**

6.      With regard to the vehicle you were driving at the time of the motor vehicle collision, please state the name and address of the owner on whose behalf the vehicle was being operated and whether you had the owner's permission to operate the vehicle.

**ANSWER:**

7.      State the name and address of each person accompanying you at the time of the motor vehicle collision, including anyone that may have been following/leading you in a separate vehicle to a common destination.

**ANSWER:**

8.      State the address from where you departed prior to the motor vehicle collision, as well as the address of where you were going.

**ANSWER:**

9.      Describe in detail any and all conversations that took place between you and the Plaintiff, and/or anyone else at the motor vehicle collision site.

**ANSWER:**

10.     Aside from conversations between persons, state whether you overheard any unilateral statements, exclamations, declarations, etc., made by Plaintiff and/or anyone else at the incident site, including in your answer the name of the person that made the statement and the substance of it.

**ANSWER:**

11.     Identify the name, address, and phone number of each person who has knowledge of the motor vehicle collision.

**ANSWER:**

12.     Identify the name and address of every person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts of the incident. (Note: this request does not seek the substance of each such communication and therefore does <u>not</u> call for privileged or otherwise protected information).

**ANSWER:**

13.     Did you take any photographs of the vehicles, scene, roadway and/or persons involved in the motor vehicle collision? If so, please identify the device used to take such photographs and generally describe what was photographed.

**ANSWER:**

14.     Do you contend that some mechanical failure or defect in your vehicle or on the road contributed to the motor vehicle collision? If your answer is in the affirmative, please describe the failure/defect.

**ANSWER:**

15.      Do you contend that you have a medical condition that contributed to this incident? If so, please identify the condition and describe in detail the way in which same contributed to the motor vehicle collision.

**ANSWER:**

16.      If you sought medical treatment within one week (seven days) of the occurrence made the basis of this suit, please identify the name and address of the treatment provider and the dates of treatment.

**ANSWER:**

17.      If you wear glasses or prescription lenses and/or have been diagnosed with any vision impairment, please identify the name and address of your eye doctor(s).

**ANSWER:**

18.      Identify all traffic citations you have received within the past ten (10) years, specifying the date and location of the occurrence, the offense(s) charged, whether you were convicted and the fine or penalty levied.

**ANSWER:**

19.      Identify all other traffic incidents you have been in as a driver, specifying the date, location, parties involved, whether you were at fault and whether you were injured.

**ANSWER:**

20.      State whether the vehicle that you were driving at the time of the motor vehicle collision was repaired and if so, state the cost of repairs and the name and address of the person or company making such repairs.

**ANSWER:**

21.     State the name, address and phone number of each person you expect to call as a witness at the trial of the case.

**ANSWER:**

22.     State whether you expect to call any expert witness at the trial of this case and, if so, identify his/her name and address, education, experience and qualifications, the subject matter upon which each such expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**

23.     State whether you owned or otherwise possessed a mobile phone device at the time of the motor vehicle collision. If so, please identify the name of the owner of the device, the number and the cellular/digital provider.

**ANSWER:**

24.     State whether you were "using" (e.g., talking, texting, placing a call, receiving a call or text, using the web browser, checking voicemail, etc.) a mobile phone device at the time of motor vehicle collision. If so, please describe in detail the manner in which you were using the device, including in your answer the identity (name, telephone number and address) of any and all persons with whom you spoke, called or received a call or text from and the substance of the call/text.

**ANSWER:**

25.     If you contend that you were <u>not</u> using a phone at the time of the motor vehicle collision, then please identify that last call that you made or received ***before*** the motor vehicle collision, including in your answer the name and number of the person with whom you spoke and a description of the conversation.

**ANSWER:**

26.      If you contend that you were <u>not</u> using a phone at the time of the motor vehicle collision, then please identify that first call that you made or received ***after*** the motor vehicle collision, including in your answer the name and number of the person with whom you spoke and a description of the conversation.

**ANSWER:**

27.      If you contend that you were <u>not</u> using a phone at the time of the motor vehicle collision, then please identify that last text message that you sent or received ***before*** the motor vehicle collision, including in your answer the name and number of the sender/recipient and the substance of the message.

**ANSWER:**

28.      If you contend that you were <u>not</u> using a phone at the time of the motor vehicle collision, then please identify that first text message that you sent or received ***after*** the motor vehicle collision, including in your answer the name and number of the sender/recipient and the substance of the message.

**ANSWER:**

29.      Do you think that this motor vehicle collision was your fault; and if not, why?

**ANSWER:**

30.      What, if anything, obstructed your vision at the time of the motor vehicle collision?

**ANSWER:**

31.      What, if anything could you have done to avoid the motor vehicle collision?

**ANSWER:**

32.      Has your insurance company advised you of any coverage issues relating to the claims made against you in this lawsuit?

**ANSWER:**

33.     Has your insurance company provided you with a reservation of rights letter?

**ANSWER:**

34.     Have you ever been a party to a lawsuit (either as a plaintiff or as a defendant)?  If your answer is in the affirmative, please identify the style, civil action number, venue and brief description of the nature of the suit.

**ANSWER:**

35.     Do you agree to correct these interrogatories if any of these answers become incorrect?

**ANSWER:**

36.     Do you understand that your answers are under oath?

**ANSWER:**

_____/s/_____Michael L. White_____
MICHAEL L. WHITE          WHI095
*Attorney for the Plaintiff, Kristina Haskins*

OF COUNSEL:

**Floyd, Hunter & White, P.C.**
4761 Main Street
Millbrook, Alabama 36054
Telephone:     (334) 285-4488
Facsimile:     (334) 285-4552
E-mail:        mwhite@floydhunter.com

**DEFENDANTS TO BE SERVED BY CLERK OF COURT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

**Leroy Lee**
N 11A Stillman St.
Pensacola, FL  32505

**Bonded Transportation, Inc.**
Via Its Registered Agent
C.W. Haul, Jr.
301 Myrick St.
Pensacola, FL  32505



AlaFile E-Notice

03-CV-2022-900667.00

To:   SHAUN A DeCOUDRES
      sdecoudres@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KRISTINA HASKINS V. LEROY LEE ET AL
03-CV-2022-900667.00

The following answer was FILED on 7/21/2022 1:56:51 PM

Notice Date:      7/21/2022 1:56:51 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
7/21/2022 1:57 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **KRISTINA HASKINS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CV: 2022-900667** |
| | * | |
| **LEROY LEE, an individual; and** | * | |
| **BONDED TRANSPORTATION,** | * | |
| | * | |
| **Defendants.** | * | |

---

### DEFENDANT BONDED TRANSPORTATION, INC.'S ANSWER
### TO PLAINTIFF'S COMPLAINT

---

**COME NOW** the Defendant, Bonded Transportation, Inc., and for its Answer to the

Plaintiff's Complaint states as follows:

### PARTIES

1.      Defendant does not have enough information to either admit or deny this

allegation, therefore it is denied.

2.      Defendant does not have enough information to either admit or deny this

allegation, therefore it is denied.

3.      Admit

4.      This paragraph does not require a response from Defendant.

### FACTS

5.      Defendant does not have enough information to either admit or deny this

allegation, therefore it is denied.

6.     Defendant admits that Defendant Lee was operating a 2017 Freightliner Cascadia with a VIN No. 3AKJHHDR1JSJR0439. Defendant denies that remaining allegations of this paragraph.

7.     Denied.

8.     Denied.

9.     Denied.

## COUNT ONE – NEGLIGENCE/WANTONNESS
### (Against Defendant Lee and Bonded Transportation, Inc.)

10.     Defendant hereby adopts and incorporates by reference the responses of the preceding paragraphs.

11.     Denied.

Defendant denies Plaintiff's prayer for relief and demands strict proof thereof.

## COUNT TWO – RESPONDEAT SUPERIOR
### (Against Defendant Bonded Transportation, Inc.)

12.     Defendant hereby adopts and incorporates by reference the responses of the preceding paragraphs.

13.     Admit.

14.     Denied.

Defendant denies Plaintiff's prayer for relief and demands strict proof thereof.

## COUNT THREE – NEGLIGENT/WANTON MAINTENANCE, OPERATION, SERVICE AND/OR REPAIR (Against Defendants Lee and Bonded)

15.     Defendant hereby adopts and incorporates by reference the responses of the preceding paragraphs.

16.     Denied.

Defendant denies Plaintiff's prayer for relief and demands strict proof thereof.

**COUNT FOUR – NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION
AND/OR RETENTION
(Against Defendant Bonded)**

17.     Defendant hereby adopts and incorporates by reference the responses of the preceding paragraphs.

18.     Denied.

Defendant denies Plaintiff's prayer for relief and demands strict proof thereof.

**COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT
(Against Defendant Bonded)**

19.     Defendant hereby adopts and incorporates by reference the responses of the preceding paragraphs.

20.     Denied.

Defendant denies Plaintiff's prayer for relief and demands strict proof thereof.

---

## AFFIRMATIVE DEFENSES

---

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Defendant pleads statute of limitations.

### THIRD DEFENSE

Defendant denies each and every material allegation of the Complaint and demands strict proof thereof.

### FOURTH DEFENSE

Defendant pleads contributory negligence.

## FIFTH DEFENSE

Defendant pleads assumption of the risk.

## SIXTH DEFENSE

Defendant contests damages.

## SEVENTH DEFENSE

Defendant pleads intervening, superseding causes.

## EIGHTH DEFENSE

Defendant pleads sudden emergency.

## NINTH DEFENSE

Defendant pleads improper venue and/or forum non conveniens.

## TENTH DEFENSE

Defendant is entitled to a set off up to any amount of policy limits available to the Plaintiff from any other policy of insurance held by any other Defendant(s) in this cause and pleads the same.

## ELEVENTH DEFENSE

Defendant contests service of process.

## TWELFTH DEFENSE

Defendant contests subject matter jurisdiction.

## THIRTEENTH DEFENSE

Defendant contests personal jurisdiction.

## FOURTEENTH DEFENSE

An award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

## FIFTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States.

## SIXTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to the legitimate government interests.

## SEVENTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interest.

## EIGHTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment of the Constitution of the United States in that punitive damages are penal in nature and

consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## NINETEENTH DEFENSE

It is violative of the Self-Incrimination clause of the Fifth Amendment of the Constitution of the United States of America to impose against the Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## TWENTIETH DEFENSE

It is violative of the Self-Incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against the Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## TWENTY-FIRST DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## TWENTY-SECOND DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines clause of the Eighth Amendment of the Constitution of the United States.

## TWENTY-THIRD DEFENSE

The Complaint denies to the Defendant the equal protection of the law contrary to the Fourteenth Amendment of the Constitution of the United States which is specifically contrary to that portion of said Fourteenth Amendment prescribing any State from denying "to any person within its jurisdiction equivalent protection of the laws" in that to do so discriminates against the Defendant in favor of other Defendants guilty of negligence and wantonness for the reason that it imposes a higher and different standard for assessing damages against other Defendants which cannot be segregated or portioned separately from the amount of damages assessed against the Defendant.

The failure of the law to make provisions for the imposition of but one assessment for damages against all joint tortfeasors, despite different degrees of culpability and wrongdoing, unreasonable acts to establish a classification against the Defendant for acts of negligence and wantonness it did not commit, in contradiction to the Fourteenth Amendment of the Constitution of the United States, and to the provisions of the Constitution of the State of Alabama, which requires the State to afford all persons a protection of the law.

## TWENTY-FOURTH DEFENSE

Defendant asserts the application of *State Farm Mutual Auto Insurance Company vs. Campbell*, 123 S.CT. 1513 (2003); *Ford Motor Company vs. Smith*, 123 S.CT. 2073 (2003); and *Ford Motor Company vs. Romo*, 123 S.CT. 2072 (2003).

## TWENTY-FIFTH DEFENSE

Defendant pleads the Doctrine of Last Clear Chance.

## **TWENTY-SIXTH DEFENSE**

Defendant reserves the right to amend this Answer to add any defense(s) which might subsequently be revealed through discovery or otherwise.

/s/  Shaun A. DeCoudres
**SHAUN A. DECOUDRES (DEC004)**
**GRANT L. SMITH (SMI381)**
Attorneys for the Defendant,
Bonded Transportation, Inc.

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
sdecoudres@carrallison.com
(205) 822-2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

√      Using the CM/ECF system which will send notifications of such to the following:

Michael L. White, Esq.
Floyd, Hunter & White, P.C.
P.O. Box 1227
Millbrook, Alabama 36054

/s/  Shaun A. DeCoudres
**OF COUNSEL**



AlaFile E-Notice

03-CV-2022-900667.00

To:  SHAUN A DeCOUDRES
     sdecoudres@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KRISTINA HASKINS V. LEROY LEE ET AL
03-CV-2022-900667.00

The following answer was FILED on 7/21/2022 1:56:51 PM

Notice Date:     7/21/2022 1:56:51 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
7/21/2022 1:57 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **KRISTINA HASKINS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CV: 2022-900667** |
| | * | |
| **LEROY LEE, an individual; and** | * | |
| **BONDED TRANSPORTATION,** | * | |
| | * | |
| **Defendants.** | * | |

---

### DEFENDANT BONDED TRANSPORTATION, INC.'S ANSWER
### TO PLAINTIFF'S COMPLAINT

---

**COME NOW** the Defendant, Bonded Transportation, Inc., and for its Answer to the Plaintiff's Complaint states as follows:

### PARTIES

1.      Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

2.      Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

3.      Admit

4.      This paragraph does not require a response from Defendant.

### FACTS

5.      Defendant does not have enough information to either admit or deny this allegation, therefore it is denied.

6.     Defendant admits that Defendant Lee was operating a 2017 Freightliner Cascadia with a VIN No. 3AKJHHDR1JSJR0439. Defendant denies that remaining allegations of this paragraph.

7.     Denied.

8.     Denied.

9.     Denied.

## COUNT ONE – NEGLIGENCE/WANTONNESS
### (Against Defendant Lee and Bonded Transportation, Inc.)

10.     Defendant hereby adopts and incorporates by reference the responses of the preceding paragraphs.

11.     Denied.

Defendant denies Plaintiff's prayer for relief and demands strict proof thereof.

## COUNT TWO – RESPONDEAT SUPERIOR
### (Against Defendant Bonded Transportation, Inc.)

12.     Defendant hereby adopts and incorporates by reference the responses of the preceding paragraphs.

13.     Admit.

14.     Denied.

Defendant denies Plaintiff's prayer for relief and demands strict proof thereof.

## COUNT THREE – NEGLIGENT/WANTON MAINTENANCE, OPERATION, SERVICE AND/OR REPAIR (Against Defendants Lee and Bonded)

15.     Defendant hereby adopts and incorporates by reference the responses of the preceding paragraphs.

16.     Denied.

Defendant denies Plaintiff's prayer for relief and demands strict proof thereof.

### COUNT FOUR – NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND/OR RETENTION
### (Against Defendant Bonded)

17.     Defendant hereby adopts and incorporates by reference the responses of the preceding paragraphs.

18.     Denied.

Defendant denies Plaintiff's prayer for relief and demands strict proof thereof.

### COUNT FIVE – NEGLIGENT/WANTON ENTRUSTMENT
### (Against Defendant Bonded)

19.     Defendant hereby adopts and incorporates by reference the responses of the preceding paragraphs.

20.     Denied.

Defendant denies Plaintiff's prayer for relief and demands strict proof thereof.

---

## AFFIRMATIVE DEFENSES

---

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

Defendant pleads statute of limitations.

### THIRD DEFENSE

Defendant denies each and every material allegation of the Complaint and demands strict proof thereof.

### FOURTH DEFENSE

Defendant pleads contributory negligence.

## FIFTH DEFENSE

Defendant pleads assumption of the risk.

## SIXTH DEFENSE

Defendant contests damages.

## SEVENTH DEFENSE

Defendant pleads intervening, superseding causes.

## EIGHTH DEFENSE

Defendant pleads sudden emergency.

## NINTH DEFENSE

Defendant pleads improper venue and/or forum non conveniens.

## TENTH DEFENSE

Defendant is entitled to a set off up to any amount of policy limits available to the

Plaintiff from any other policy of insurance held by any other Defendant(s) in this cause

and pleads the same.

## ELEVENTH DEFENSE

Defendant contests service of process.

## TWELFTH DEFENSE

Defendant contests subject matter jurisdiction.

## THIRTEENTH DEFENSE

Defendant contests personal jurisdiction.

## FOURTEENTH DEFENSE

An award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the State of Alabama.

## FIFTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Constitution of the United States.

## SIXTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the constitutional safeguards provided to the Defendant under the Due Process clause of the Fourteenth Amendment of the Constitution of the United States in that punitive damages are vague and are not rationally related to the legitimate government interests.

## SEVENTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of Article I, Section 6 of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interest.

## EIGHTEENTH DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the procedural safeguards provided to the Defendant under the Sixth Amendment of the Constitution of the United States in that punitive damages are penal in nature and

consequently, Defendant is entitled to the same procedural safeguards accorded to criminal defendants.

## NINETEENTH DEFENSE

It is violative of the Self-Incrimination clause of the Fifth Amendment of the Constitution of the United States of America to impose against the Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## TWENTIETH DEFENSE

It is violative of the Self-Incrimination clause of Article I, Section 6 of the Constitution of the State of Alabama to impose against the Defendant punitive damages, which are penal in nature, yet compel Defendant to disclose potentially incriminating documents and evidence.

## TWENTY-FIRST DEFENSE

It is violative of the rights guaranteed by the Constitution of the United States of America and the Constitution of the State of Alabama to impose punitive damages against the Defendant which are penal in nature by requiring a burden of proof on Plaintiff which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases.

## TWENTY-SECOND DEFENSE

Any award of punitive damages to the Plaintiff in this case will be violative of the Eighth Amendment of the Constitution of the United States in that said damages would be an excessive fine in violation of the Excessive Fines clause of the Eighth Amendment of the Constitution of the United States.

## TWENTY-THIRD DEFENSE

The Complaint denies to the Defendant the equal protection of the law contrary to the Fourteenth Amendment of the Constitution of the United States which is specifically contrary to that portion of said Fourteenth Amendment prescribing any State from denying "to any person within its jurisdiction equivalent protection of the laws" in that to do so discriminates against the Defendant in favor of other Defendants guilty of negligence and wantonness for the reason that it imposes a higher and different standard for assessing damages against other Defendants which cannot be segregated or portioned separately from the amount of damages assessed against the Defendant.

The failure of the law to make provisions for the imposition of but one assessment for damages against all joint tortfeasors, despite different degrees of culpability and wrongdoing, unreasonable acts to establish a classification against the Defendant for acts of negligence and wantonness it did not commit, in contradiction to the Fourteenth Amendment of the Constitution of the United States, and to the provisions of the Constitution of the State of Alabama, which requires the State to afford all persons a protection of the law.

## TWENTY-FOURTH DEFENSE

Defendant asserts the application of *State Farm Mutual Auto Insurance Company vs. Campbell*, 123 S.CT. 1513 (2003); *Ford Motor Company vs. Smith*, 123 S.CT. 2073 (2003); and *Ford Motor Company vs. Romo*, 123 S.CT. 2072 (2003).

## TWENTY-FIFTH DEFENSE

Defendant pleads the Doctrine of Last Clear Chance.

**TWENTY-SIXTH DEFENSE**

Defendant reserves the right to amend this Answer to add any defense(s) which might subsequently be revealed through discovery or otherwise.

/s/ Shaun A. DeCoudres
**SHAUN A. DECOUDRES (DEC004)**
**GRANT L. SMITH (SMI381)**
Attorneys for the Defendant,
Bonded Transportation, Inc.

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
sdecoudres@carrallison.com
(205) 822-2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

√      Using the CM/ECF system which will send notifications of such to the following:

Michael L. White, Esq.
Floyd, Hunter & White, P.C.
P.O. Box 1227
Millbrook, Alabama 36054

/s/ Shaun A. DeCoudres
**OF COUNSEL**



AlaFile E-Notice

03-CV-2022-900667.00

To:  SHAUN A DeCOUDRES
     sdecoudres@carrallison.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KRISTINA HASKINS V. LEROY LEE ET AL
03-CV-2022-900667.00

The following discovery was FILED on 7/21/2022 1:59:02 PM

Notice Date:    7/21/2022 1:59:02 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
7/21/2022 2:00 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KRISTINA HASKINS, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| vs. | * | CV: 2022-900667 |
| | * | |
| LEROY LEE, an individual; and | * | |
| BONDED TRANSPORTATION, | * | |
| | * | |
| Defendants. | * | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:    Clerk of Court

PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf of the Defendant.

(X)    Interrogatories to Plaintiff
(X)    Request for Production to Plaintiff

Respectfully submitted,

/s/  Shaun A. DeCoudres
**SHAUN A. DECOUDRES (DEC004)**
**GRANT L. SMITH (SMI381)**
Attorneys for the Defendant,
Bonded Transportation, Inc.

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
sdecoudres@carrallison.com
(205) 822-2006

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on the 21st day of July, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

√   Using the CM/ECF system which will send notifications of such to the following:

Michael L. White, Esq.
Floyd, Hunter & White, P.C.
P.O. Box 1227
Millbrook, Alabama 36054

      /s/  Shaun A. DeCoudres_____
       **OF COUNSEL**

ELECTRONICALLY FILED
7/21/2022 2:00 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **KRISTINA HASKINS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CV: 2022-900667** |
| | * | |
| **LEROY LEE, an individual; and** | * | |
| **BONDED TRANSPORTATION,** | * | |
| | * | |
| **Defendants.** | * | |

---

### REQUEST FOR PRODUCTION OF DOCUMENTS

---

### INSTRUCTIONS

A.  In answering these requests for production of documents, you must furnish any and all documents or items known or available regardless of whether these documents are physically possessed by you or your attorneys, employees, agents, investigators or other persons acting on your behalf.

B.  If you cannot produce any of the requested documents or items in full, produce to the extent possible and specify: (1) Whatever information and knowledge you have concerning the contents of the remaining documents and items, including dates and titles; and (2) why you cannot produce the remaining documents and items.

C.  To the extent the items are not produced based on a claim of privilege or work product protection, set forth the following information: (1) a description of the document or item; (2) the author or person who prepared the document or item; (3) the date the document or item was prepared; (4) the names of the addressees of the document or item; (5) the names of all persons whose names or signatures appear in or on the document; (6) the names of all persons who have had access to or possession of the document or item; and (7) the present location of the document or item.

D.  In the event that any document called for by these requests has been lost, destroyed or discarded, that document is to be identified by stating: (1) any addressor and addressee; (2) any indicated or blind copies; (3) the document's date, subject matter, number of pages and attachments or appendices; (4) all persons to whom the document was distributed, shown or explained; (5) the date of loss, destruction or discard, the manner of destruction or discard and the reason for destruction or discard; (6) the persons authorized to carry out such destruction or discharge; and (7) whether

any copies of the document presently exist and if so, the name of the custodian of each copy.

## DEFINITIONS

Unless otherwise indicated, the following terms as used herein shall have the following meanings:

1.  "You," or "Your" means and includes the plaintiff(s) and all its respective agents, consultants, attorneys, representatives, and/or all other persons acting on its behalf.

2.  The term "Plaintiffs" means and includes, the plaintiff, Kenneth Oliver.

3.  The term "Matter," means and includes, the allegations in Plaintiffs' Complaint.

4.  The terms "relates to," "relating," "refers to," "referring" or "evidencing" means, constitutes, comprises, composes, contains, comments on, embodies, identifies, states, pertains directly to, pertains indirectly to, is in any way relevant to, or reflects.

5.  The term "communicate" or "communication" means every manner or means of disclosure, transfer or exchange of information whether oral or written, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted, or acquired, including by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

6.  As used herein, the term "document" is used in the broadest possible sense and includes, without limitation, the following items, whether printed, recorded, filmed, saved, reproduced by any process or written or produced by hand, and whether claimed to be privileged against discovery on any grounds, and whether an original, master or copy and further including such documents as are retained in computer files or servers, including e-mails and files, namely: agreements, correspondence, PowerPoint presentations, word processor documents, spreadsheets, accounting/bookkeeping documents, communications, including intra-company communications and correspondence; electronic media of any form; cablegrams, radiograms and telegrams; notes and memoranda; summaries, minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; summaries and records of personal conversations or interviews; books, manuals, publications and diaries; laboratory and engineering reports and notebooks; charts and plans; sketches and drawings; photographs, reports and/or summaries of investigations and/or surveys; opinions and reports of consultants; opinions of counsel; reports and summaries of negotiations; brochures, pamphlets, catalogs and catalog sheets; advertisements including story board and/or scripts for television and/or radio commercials; circulars; trade letters; press publicity and trade and product releases; drafts of original or preliminary notes on, and marginal, appearing on any document; balance sheets,

general ledgers, income statements, profit and loss statements, or records of assets and liabilities; computer tapes, disks, and printouts; audio and visual tapes; or reports and records; and any other recorded or preserved information of any kind.

7.    The term "person" means any natural person (whether presently living or deceased), corporation, partnership, proprietorship, association, organization, business entity, or group of natural persons.

8.    The word "or" means and/or and shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

---

**COMES NOW** the Defendant, Bonded Transportation, Inc., and requests the following documents of the Plaintiff pursuant to Rule 34 of the Alabama Rules of Civil Procedure:

1.    Copies of any and all medical records, doctors' records, doctors' reports, hospital records and reports, reports from any chiropractor or other medical provider, emergency reports, correspondence, or any other written materials which in any way pertain to the injuries claimed in the Complaint or which the Plaintiff intends to use at the trial of this case.

2.    Copies of any and all medical bills, doctors' bills, hospital bills, nurses' bills, prescription or drug bills, chiropractor bills or those bills from any other medical provider, or any other bills of any nature incurred as a result of the injuries claimed by Plaintiff in the Complaint.

3.    A listing of and copies of any and all written or oral statements taken from prospective witnesses by Plaintiff or on Plaintiff's behalf concerning any and all matters connected with the lawsuit arising out of the action made the basis of this case.  This request includes any statement(s) taken of the Defendants.

4.     Copies of any and all photographs, drawings, maps, or any other reproductions which the Plaintiff has in her possession.

5.     Copies of any and all photographs of Plaintiff which in any way show Plaintiff's injuries, including evidence of permanent injury and/or scarring, or property damage.

6.     Copies of any and all photographs of any type that Plaintiff intends to use as exhibits or which Plaintiff intends to introduce into evidence at the trial of this case.

7.     Copies of any and all drawings, diagrams, models, or any other reproduction or materials which Plaintiff intends to use as exhibits, or which Plaintiff intends to introduce into evidence at the trial of this case.

8.     Copies of income tax returns [both state and federal] of the Plaintiff for the past five (5) years.

9.     Copies of any payroll stubs, invoices for services rendered, or any other documents of any type that reflect any earnings by Plaintiff between the date of her alleged injuries and the present date.

10.     Copies of each and every invoice, receipt and/or other written documentation reflecting any and all damages claimed by Plaintiff in this matter.

11.     Copies of any and all photographs which in any way show the accident scene and/or vehicles involved in the accident, including all photographs of damage to Plaintiff's vehicle.

Respectfully submitted,

/s/  Shaun A. DeCoudres
**SHAUN A. DECOUDRES (DEC004)**
**GRANT L. SMITH (SMI381)**
Attorneys for the Defendant,
Bonded Transportation, Inc.

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
sdecoudres@carrallison.com
(205) 822-2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

√    Using the CM/ECF system which will send notifications of such to the following:

Michael L. White, Esq.
Floyd, Hunter & White, P.C.
P.O. Box 1227
Millbrook, Alabama 36054

/s/  Shaun A. DeCoudres
**OF COUNSEL**

ELECTRONICALLY FILED
7/21/2022 2:00 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KRISTINA HASKINS,                         *
                                          *
          Plaintiff,                      *
                                          *
vs.                                       *          CV: 2022-900667
                                          *
LEROY LEE, an individual; and             *
BONDED TRANSPORTATION,                    *
                                          *
          Defendants.                     *

---

## INTERROGATORIES

---

### INSTRUCTIONS

1.       In answering these Interrogatories, you are required to furnish all information available to you or subject to reasonable inquiry by you, including, but not limited to, information in your possession, the possession of your attorneys, advisors or other persons directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your control.

2.       If any information called for by an Interrogatory is withheld because you claimed such information is contained in a privileged document, for each such document state the following:

          (a)      its date and type (e.g. letter, memorandum, etc);

          (b)      its author;

          (c)      to whom addressed;

          (d)      all copy addressees;

          (e)      all other persons who have received, copied, or otherwise been

Page **1** of **12**

permitted to see all or part of the original or any copy thereof;

    (f)    the description of the subject matter discussed, described, referred to therein;

    (g)    the specific reasons why you claim it is privileged; and

    (h)    the name of its present custodian.

3.    In addition to the instructions pertaining to the Interrogatory, if the Plaintiff chooses to attach documents in lieu of an answer to a specific Interrogatory, Defendant requests that each document be segregated, organized, identified and specified with respect to the particular numbered request and response to which the documents are being produced.

## DEFINITIONS

1.    "Plaintiff", "You", or "Yours" means the named Plaintiff in this case, including agents, attorneys or any other persons acting or purporting to act on behalf of said Plaintiff.

2.    "Identify" or "Identification" shall mean:

    (a)    when used in reference to a natural person, the person's full name, present or last known address, present or last known position, and title and employer or business affiliation;

    (b)    when used in reference to a business entity, the entity's name and address, its principle place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.);

    (c)    when used in reference to a document, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof, the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control or custody of such documents;

3.    "Specify in all possible detail" means to describe completely and accurately the

subject matter about which inquiry is made, using the simplest, and most factual statements of which you are capable.

4.      Plural words include the singular equivalent, and singular words include the plural equivalent.

5.      "And" includes the disjunctive "or", and "or" includes the conjunctive "and".

## DUTY OF SUPPLEMENT

You are under a duty seasonably to supplement, update and amend your responses and answers to the following discovery in the following categories:

(A)     Any request or question directly addressed to:

    (1)     the identity and location of persons having knowledge of discoverable matters, and

    (2)     the identity of each person expected to be called as an expert witness at the trial, the subject matter on which each person is expected to testify, and the substance of their testimony.

(B)     Any response or answer to questions or requests, if you obtain information upon the basis of which:

    (1)     you know that the prior response was incorrect when made, or

    (2)     you know that the response when made is no longer true and the circumstances are such that a failure to amend the response is in substance of knowing concealment.

---

## DEFENDANT'S INTERROGATORIES TO THE PLAINTIFF

---

**COMES NOW** the Defendant Bonded Transportation, Inc., in the above-styled cause and, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propound to the Plaintiff the following Interrogatories:

1)     State your correct name, age, date of birth, social security number, driver's license number and residence address and name of your spouse.

2)     Are you a Medicare recipient, beneficiary and/or is there a Medicare lien as a result of the claims made the basis of this suit?

3)     Have you ever been convicted of a crime?  If so, please state with specificity each offense, the county and state of said offense.

4)     Have you ever filed for bankruptcy?  If so, please give the case number, date of filing and state whether the bankruptcy has been discharged or not.

5)     Describe fully the vehicle occupied by you on the occasion of the alleged accident, stating in your answer the make, year, model and body style of the same.  (a) State the name and address of the owner of said vehicle on the date of said accident.  (b) State the name and address of the driver of said vehicle on said date.

6)     State the name and address of each person occupying said vehicle on the occasion of said accident, stating specifically how and in what manner said occupants were located in or on said vehicle on said occasion.

7)     State fully the purpose of the trip you were making with said vehicle at the time of the alleged accident.  (a)  From what point were you going?  (b) To what point were you going? (c) What lane were you traveling prior to impact and what lane was Defendant Lee in?

8)     State specifically what portions of the vehicles involved in said accident first came in contact with each other.  (a) Describe any other contact that took place.

9)      State your best judgment of the distance in feet each of the vehicles involved in the said accident traveled on said occasion from the moment of the collision to the point where each of said vehicles first came to a stop immediately thereafter.  (a) In what direction did each of said vehicles move from the point of said collision until they came to a complete stop?

10)     State whether you saw the other vehicle involved in said collision at any time prior to the collision.  If so, state (a) specifically where said other vehicle was located when you first observed the same with reference to the point of the collision; (b) your best judgment of the distance in number of feet separating said other vehicle from the point of the collision at the time you first observed said vehicle; (c) your best judgment of the speed in miles per hour of said other vehicle at the moment you first observed same on said occasion; (d) whether said other vehicle changed its course of travel at any time from the moment you first observed the same until the collision occurred and, if so, then describe fully and in detail what change said vehicle made in the course of its travel.  (e) Did the vehicle occupied by you make any change in the course of its travel from the moment you first observed said other vehicle until the collision occurred and, if so, described fully such change in the course of travel of the vehicle occupied by you.  (f) State your best judgment of distance in number of feet the vehicle occupied by you traveled from the moment you first observed said other vehicle until the said collision occurred.

11)     State fully, specifically and in detail, each and every act or thing done by the operator of the vehicle occupied by you during the last 100 feet of said vehicle's approach to the point of said collision, stating in your answer the chronological order in which said

operator did each of said acts or things.

12)    State whether the brakes on the vehicle occupied by you were applied prior to the collision.  If so, state (a) your best judgment of the speed in miles per hour said vehicle was traveling at the moment the brakes were applied; (b) your best judgment of the distance in number of feet said vehicle traveled from the moment the brakes were applied until said collision occurred; (c) your best judgment of the distance said vehicle traveled from point of impact or collision to the point where it first came to rest immediately thereafter. (d) Describe each and every skid mark or tire mark which led up to the point of collision.  (e) Describe each and every skid mark which extended from the point of collision toward the place where either of the motor vehicles involved in the accident came to rest.

13)    State your best judgment of the speed in miles per hour of the vehicle occupied by you on the occasion of said accident at each of the following points before reaching the point of the collision:  (a) 200 feet; (b) 150 feet; (c) 100 feet; (d) 50 feet; (e) 25 feet; (f) at the moment of the collision.

14)    State your best judgment of the speed in miles per hour of the other vehicle involved in said collision at the following points before reaching the point of the collision:  (a) 200 feet; (b) 150 feet; (c) 100 feet; (d) 50 feet; (e) 25 feet; (f) at the moment of the collision.

15)    State whether there were any other vehicles at or near the scene of the accident at the time of and immediately prior to the time of the same. (a) If so, state the number of such other vehicles and where they were located with reference to the point of the accident at the moment same occurred and whether they played any part in causing said accident to occur.

16)    Did you make any statements in the presence of the operator of the other vehicle involved in the collision following the occurrence of the same?  If so, state (a) when, where and what was said by you; (b) the name and address of each person present when such statement or statements were made. (c) Did you talk to the police officer who investigated said accident?  If so, state in detail what was said by you.

17)    Did the operator of the other vehicle involved in said accident make any statements in your presence following the occurrence of said accident?  If so, state (a) when, where and what was said by the operator of the other vehicle; (b) the name and address of each person present when such statement or statements were made.

18)    State in detail what you contend that the Defendant did or did not do to cause the accident alleged in the complaint. Include in this answer all facts to support such contentions, as well as the names and addresses of all persons who will testify to such facts.

19)    Did you receive personal injuries in the alleged accident?  (a) If so, describe each and every injury sustained by you.  (b) Have you fully recovered from said injuries at the time you answer these Interrogatories?  (c) If not, from which of said injuries have you not recovered.  (d) To what extent have you not recovered from the same.  (e) Are you still suffering from any of said injuries?  (f) If so, state fully and in detail how and to what extent you are still suffering from the same.

20)    State the names and address of all doctors who have examined or treated you for said injuries.  (a) State your best judgment of the date you were first treated by each of said doctors.  (b) State your best judgment of the nature and kind of treatment given you by each of said doctors.   (c) State your best recollection of the number of times you were

examined or treated by each of said doctors. (d) When were you last examined or treated by each of said doctors? (e) Are you still under the care of any doctors for said injuries? (f) If so, state the name and address of any doctors who are still tending you for your injuries. (g) For which of said injuries are you still under the care of a doctor?

21) State the names and addresses of all doctors who have previously treated or examined you for injuries referred to in 20 above. (a) State your best judgment of the date you were first treated by each of said doctors. (b) State your best judgment of the nature and kind of treatment given you by each of said doctors. (c) State your best recollection of the number of times you were examined or treated by each of said doctors. (d) When were you last examined or treated by each of said doctors? (e) Are you still under the care of any doctors for said injuries? (f) If so, state the name and address of any doctors who are still tending you for your injuries. (g) For which of said injuries are you still under the care of a doctor?

22) Make an itemized statement of all expenses incurred on account of your alleged injuries for doctors, hospitals, nurses, appliances and medicines.

23) State whether any insurance company or any person, firm or corporation other than yourself or your spouse paid all or any portion of any expense for medicine, physicians, dentists, nurses, hospitals or other related care or treatment which you received as a result of the injuries allegedly suffered by you in the accident made the basis of this suit. If so, state (a) the name of the person, firm or corporation paying such item of expense; (b) which of the items of expense were so paid; (c) the total amount of the expenses so paid.

24) Have you sustained personal injuries before or after the accident made the

basis of this suit?  If so, state (a) when, where and under what circumstances you sustained such personal injuries; (b) what personal injuries you sustained; (c) the names and addresses of any and all hospitals to which you have been confined for treatment on account of said injuries; (d) the names and addresses of all physicians or other practitioners of the healing arts who treated you for said injuries; (e) the condition for which each physician or other practitioner attended you; (f) the period of time you were attended by each of said physicians or practitioners; (g) when you were last seen professionally by each of said physicians or practitioners; (h) if before, whether you had fully recovered from such injuries at the time of this accident.

25)    Have you ever made a claim or filed suit against any person, firm or corporation on account of personal injuries sustained by you prior or subsequent to the date of the accident made the basis of this suit?  If so, state (a) when, where and against whom you made said claim or filed said suit; (b) for what injuries you made said claim or filed said suit; and (c) if you filed suit on any such claim, identify by name and location the court in which said suit or suits were filed.

26)    For each employment you have had currently and in the past ten years, state: (a) the name and address of your employer; (b) the nature of the duties of your said employment; (c) your average weekly earnings from said employment; (d) the date you first work in said employment; (e) the date you last worked in said employment; (f) the number of working days, if any, you have missed from said employment on account of this accident; (g) your best judgment of the amount of wages or earnings you lost, if any, on account of said injuries from said employment.

Page **9** of **12**

27)      State the name and address of each person you or your attorneys contend was a witness to or has any knowledge concerning the issues involved in this suit or any portion thereof.  (a) State the substance of what each of said witnesses knows regarding the same.

28)      Do you intend to call any expert witness or witnesses to testify in your behalf on the trial of this cause?  If so, state (a) the name and address of each expert witness you expect to call as a witness; (b) the subject matter on which said expert witness is expected to testify; and (c) the substance of the facts and opinions to which the said expert witness is expected to testify, stating a summary of the grounds of each opinion of said expert witness.

29)      If you claim any sum for damage to your motor vehicle, answer the following questions.  (a) State the make, year model and body style of same.  (b) State the name of the owner of same.  (c) State when you first acquired the same.  (d) State the name and address of the person, firm or corporation from whom you first acquired the same.  (e) Did you acquire the same as a new or second-hand vehicle?  (f) For what consideration did you acquire the same?  (g) Do you still own the same?  (h) If not, state when you disposed of same.  (i) To whom did you dispose of same?  (j) For what consideration did you dispose of same?  (k) Did you have the damage to said motor vehicle repaired following the accident? (l) If so, state the name and address of the person, firm or corporation that made said repairs. (m) State the cost of said repairs.  (n) State the name and address of your collision insurance carrier on said motor vehicle on the date of the accident.  (o) State the amount said collision insurance carrier paid toward the repair of your said motor vehicle.  (p) Attach to your answers to these Interrogatories a true and correct copy of each and every repair estimate or repair

order in connection with repairs of the damage sustained to said motor vehicle in the accident.  (q) State your best judgment of the reasonable cash market value of said motor vehicle in its wrecked condition immediately following the accident.  (r) State your best judgment of the reasonable cash market value of said motor vehicle immediately preceding the accident.  (s) State your best judgment of the total number of miles said motor vehicle had been driven prior to the date of the accident.

30)     Do you have a cell phone?  If so, who is the carrier and what is your number, including area code?

31)     Please state in detail, providing supporting documentation (bill, receipt, invoice), of all damages you are claiming as a result of the accident in question.

32)     Please state all medication you were taking on the day of the accident, including in your response the reason for taking said medication, how much you take and who prescribed said medication.

33)     Do you understand that these interrogatory answers require timely supplementation upon the discovery of additional information pertinent to the answers to these Interrogatories?

34)     Do you understand that you are making these answers under oath, and are stating they are true and correct?

Respectfully submitted,


/s/  Shaun A. DeCoudres
**SHAUN A. DECOUDRES (DEC004)**
**GRANT L. SMITH (SMI381)**
Attorneys for the Defendant,
Bonded Transportation, Inc.

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
sdecoudres@carrallison.com
(205) 822-2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of July, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

√	Using the CM/ECF system which will send notifications of such to the following:

Michael L. White, Esq.
Floyd, Hunter & White, P.C.
P.O. Box 1227
Millbrook, Alabama 36054

/s/  Shaun A. DeCoudres
**OF COUNSEL**



AlaFile E-Notice

03-CV-2022-900667.00

To:   SHAUN A DeCOUDRES
      sdecoudres@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KRISTINA HASKINS V. LEROY LEE ET AL
03-CV-2022-900667.00

The following discovery was FILED on 7/21/2022 1:59:02 PM

Notice Date:      7/21/2022 1:59:02 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

ELECTRONICALLY FILED
7/21/2022 2:00 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **KRISTINA HASKINS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CV: 2022-900667** |
| | * | |
| **LEROY LEE, an individual; and** | * | |
| **BONDED TRANSPORTATION,** | * | |
| | * | |
| **Defendants.** | * | |

## NOTICE OF SERVICE OF DISCOVERY DOCUMENTS

TO:  Clerk of Court

PLEASE TAKE NOTICE that the following discovery documents have been filed on behalf of the Defendant.

(X)  Interrogatories to Plaintiff
(X)  Request for Production to Plaintiff

Respectfully submitted,

/s/  Shaun A. DeCoudres
**SHAUN A. DECOUDRES (DEC004)**
**GRANT L. SMITH (SMI381)**
Attorneys for the Defendant,
Bonded Transportation, Inc.

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL  35216
sdecoudres@carrallison.com
(205) 822-2006

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of July, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

√       Using the CM/ECF system which will send notifications of such to the following:

Michael L. White, Esq.
Floyd, Hunter & White, P.C.
P.O. Box 1227
Millbrook, Alabama 36054

/s/  Shaun A. DeCoudres
**OF COUNSEL**

ELECTRONICALLY FILED
7/21/2022 2:00 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **KRISTINA HASKINS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CV: 2022-900667** |
| | * | |
| **LEROY LEE, an individual; and** | * | |
| **BONDED TRANSPORTATION,** | * | |
| | * | |
| **Defendants.** | * | |

---

## REQUEST FOR PRODUCTION OF DOCUMENTS

---

### INSTRUCTIONS

A.    In answering these requests for production of documents, you must furnish any and all documents or items known or available regardless of whether these documents are physically possessed by you or your attorneys, employees, agents, investigators or other persons acting on your behalf.

B.    If you cannot produce any of the requested documents or items in full, produce to the extent possible and specify: (1) Whatever information and knowledge you have concerning the contents of the remaining documents and items, including dates and titles; and (2) why you cannot produce the remaining documents and items.

C.    To the extent the items are not produced based on a claim of privilege or work product protection, set forth the following information: (1) a description of the document or item; (2) the author or person who prepared the document or item; (3) the date the document or item was prepared; (4) the names of the addressees of the document or item; (5) the names of all persons whose names or signatures appear in or on the document; (6) the names of all persons who have had access to or possession of the document or item; and (7) the present location of the document or item.

D.    In the event that any document called for by these requests has been lost, destroyed or discarded, that document is to be identified by stating: (1) any addressor and addressee; (2) any indicated or blind copies; (3) the document's date, subject matter, number of pages and attachments or appendices; (4) all persons to whom the document was distributed, shown or explained; (5) the date of loss, destruction or discard, the manner of destruction or discard and the reason for destruction or discard; (6) the persons authorized to carry out such destruction or discharge; and (7) whether

any copies of the document presently exist and if so, the name of the custodian of each copy.

## DEFINITIONS

Unless otherwise indicated, the following terms as used herein shall have the following meanings:

1.      "You," or "Your" means and includes the plaintiff(s) and all its respective agents, consultants, attorneys, representatives, and/or all other persons acting on its behalf.

2.      The term "Plaintiffs" means and includes, the plaintiff, Kenneth Oliver.

3.      The term "Matter," means and includes, the allegations in Plaintiffs' Complaint.

4.      The terms "relates to," "relating," "refers to," "referring" or "evidencing" means, constitutes, comprises, composes, contains, comments on, embodies, identifies, states, pertains directly to, pertains indirectly to, is in any way relevant to, or reflects.

5.      The term "communicate" or "communication" means every manner or means of disclosure, transfer or exchange of information whether oral or written, formal or informal, at any time or place, and under any circumstances whatsoever, whereby information of any nature was transmitted, or acquired, including by document or whether face-to-face, by telephone, mail, personal delivery, or otherwise.

6.      As used herein, the term "document" is used in the broadest possible sense and includes, without limitation, the following items, whether printed, recorded, filmed, saved, reproduced by any process or written or produced by hand, and whether claimed to be privileged against discovery on any grounds, and whether an original, master or copy and further including such documents as are retained in computer files or servers, including e-mails and files, namely: agreements, correspondence, PowerPoint presentations, word processor documents, spreadsheets, accounting/bookkeeping documents, communications, including intra-company communications and correspondence; electronic media of any form; cablegrams, radiograms and telegrams; notes and memoranda; summaries, minutes and records of telephone conversations, meetings and conferences, including lists of persons attending meetings or conferences; summaries and records of personal conversations or interviews; books, manuals, publications and diaries; laboratory and engineering reports and notebooks; charts and plans; sketches and drawings; photographs, reports and/or summaries of investigations and/or surveys; opinions and reports of consultants; opinions of counsel; reports and summaries of negotiations; brochures, pamphlets, catalogs and catalog sheets; advertisements including story board and/or scripts for television and/or radio commercials; circulars; trade letters; press publicity and trade and product releases; drafts of original or preliminary notes on, and marginal, appearing on any document; balance sheets,

general ledgers, income statements, profit and loss statements, or records of assets and liabilities; computer tapes, disks, and printouts; audio and visual tapes; or reports and records; and any other recorded or preserved information of any kind.

7.  The term "person" means any natural person (whether presently living or deceased), corporation, partnership, proprietorship, association, organization, business entity, or group of natural persons.

8.  The word "or" means and/or and shall be construed either conjunctively or disjunctively to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope. The singular includes the plural number, and vice versa. The masculine includes the feminine and neuter genders. The past tense includes the present tense where the clear meaning is not distorted by change of tense.

---

**COMES NOW** the Defendant, Bonded Transportation, Inc., and requests the following documents of the Plaintiff pursuant to Rule 34 of the Alabama Rules of Civil Procedure:

1.  Copies of any and all medical records, doctors' records, doctors' reports, hospital records and reports, reports from any chiropractor or other medical provider, emergency reports, correspondence, or any other written materials which in any way pertain to the injuries claimed in the Complaint or which the Plaintiff intends to use at the trial of this case.

2.  Copies of any and all medical bills, doctors' bills, hospital bills, nurses' bills, prescription or drug bills, chiropractor bills or those bills from any other medical provider, or any other bills of any nature incurred as a result of the injuries claimed by Plaintiff in the Complaint.

3.  A listing of and copies of any and all written or oral statements taken from prospective witnesses by Plaintiff or on Plaintiff's behalf concerning any and all matters connected with the lawsuit arising out of the action made the basis of this case.  This request includes any statement(s) taken of the Defendants.

4.      Copies of any and all photographs, drawings, maps, or any other reproductions which the Plaintiff has in her possession.

5.      Copies of any and all photographs of Plaintiff which in any way show Plaintiff's injuries, including evidence of permanent injury and/or scarring, or property damage.

6.      Copies of any and all photographs of any type that Plaintiff intends to use as exhibits or which Plaintiff intends to introduce into evidence at the trial of this case.

7.      Copies of any and all drawings, diagrams, models, or any other reproduction or materials which Plaintiff intends to use as exhibits, or which Plaintiff intends to introduce into evidence at the trial of this case.

8.      Copies of income tax returns [both state and federal] of the Plaintiff for the past five (5) years.

9.      Copies of any payroll stubs, invoices for services rendered, or any other documents of any type that reflect any earnings by Plaintiff between the date of her alleged injuries and the present date.

10.     Copies of each and every invoice, receipt and/or other written documentation reflecting any and all damages claimed by Plaintiff in this matter.

11.     Copies of any and all photographs which in any way show the accident scene and/or vehicles involved in the accident, including all photographs of damage to Plaintiff's vehicle.

Respectfully submitted,

/s/  Shaun A. DeCoudres
**SHAUN A. DECOUDRES (DEC004)**
**GRANT L. SMITH (SMI381)**
Attorneys for the Defendant,
Bonded Transportation, Inc.

**OF COUNSEL:**
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
sdecoudres@carrallison.com
(205) 822-2006

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of July, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

√    Using the CM/ECF system which will send notifications of such to the following:

Michael L. White, Esq.
Floyd, Hunter & White, P.C.
P.O. Box 1227
Millbrook, Alabama 36054

/s/  Shaun A. DeCoudres                    
**OF COUNSEL**

ELECTRONICALLY FILED
7/21/2022 2:00 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**

| | | |
|---|---|---|
| **KRISTINA HASKINS,** | * | |
| | * | |
| **Plaintiff,** | * | |
| | * | |
| **vs.** | * | **CV: 2022-900667** |
| | * | |
| **LEROY LEE, an individual; and** | * | |
| **BONDED TRANSPORTATION,** | * | |
| | * | |
| **Defendants.** | * | |

---

## INTERROGATORIES

---

### INSTRUCTIONS

1.    In answering these Interrogatories, you are required to furnish all information available to you or subject to reasonable inquiry by you, including, but not limited to, information in your possession, the possession of your attorneys, advisors or other persons directly or indirectly employed by you, your attorney, or anyone else otherwise subject to your control.

2.    If any information called for by an Interrogatory is withheld because you claimed such information is contained in a privileged document, for each such document state the following:

(a)    its date and type (e.g. letter, memorandum, etc);

(b)    its author;

(c)    to whom addressed;

(d)    all copy addressees;

(e)    all other persons who have received, copied, or otherwise been

permitted to see all or part of the original or any copy thereof;

(f)     the description of the subject matter discussed, described, referred to therein;

(g)     the specific reasons why you claim it is privileged; and

(h)     the name of its present custodian.

3.     In addition to the instructions pertaining to the Interrogatory, if the Plaintiff chooses to attach documents in lieu of an answer to a specific Interrogatory, Defendant requests that each document be segregated, organized, identified and specified with respect to the particular numbered request and response to which the documents are being produced.

## DEFINITIONS

1.     "Plaintiff", "You", or "Yours" means the named Plaintiff in this case, including agents, attorneys or any other persons acting or purporting to act on behalf of said Plaintiff.

2.     "Identify" or "Identification" shall mean:

(a)     when used in reference to a natural person, the person's full name, present or last known address, present or last known position, and title and employer or business affiliation;

(b)     when used in reference to a business entity, the entity's name and address, its principle place of business, and the legal nature of the entity (i.e., corporation, partnership, etc.);

(c)     when used in reference to a document, the description (i.e., letter, memorandum, report, etc.), its title and date, the number of pages thereof, the subject matter and author, the person or persons to whom it was directed, and its present location and the identity of the person or entity presently having possession, control or custody of such documents;

3.     "Specify in all possible detail" means to describe completely and accurately the

subject matter about which inquiry is made, using the simplest, and most factual statements of which you are capable.

4.      Plural words include the singular equivalent, and singular words include the plural equivalent.

5.      "And" includes the disjunctive "or", and "or" includes the conjunctive "and".

## DUTY OF SUPPLEMENT

You are under a duty seasonably to supplement, update and amend your responses and answers to the following discovery in the following categories:

(A)      Any request or question directly addressed to:

(1)      the identity and location of persons having knowledge of discoverable matters, and

(2)      the identity of each person expected to be called as an expert witness at the trial, the subject matter on which each person is expected to testify, and the substance of their testimony.

(B)      Any response or answer to questions or requests, if you obtain information upon the basis of which:

(1)      you know that the prior response was incorrect when made, or

(2)      you know that the response when made is no longer true and the circumstances are such that a failure to amend the response is in substance of knowing concealment.

## DEFENDANT'S INTERROGATORIES TO THE PLAINTIFF

**COMES NOW** the Defendant Bonded Transportation, Inc., in the above-styled cause and, pursuant to Rule 33 of the Alabama Rules of Civil Procedure, propound to the Plaintiff the following Interrogatories:

Page **3** of **12**

1)      State your correct name, age, date of birth, social security number, driver's license number and residence address and name of your spouse.

2)      Are you a Medicare recipient, beneficiary and/or is there a Medicare lien as a result of the claims made the basis of this suit?

3)      Have you ever been convicted of a crime?  If so, please state with specificity each offense, the county and state of said offense.

4)      Have you ever filed for bankruptcy?  If so, please give the case number, date of filing and state whether the bankruptcy has been discharged or not.

5)      Describe fully the vehicle occupied by you on the occasion of the alleged accident, stating in your answer the make, year, model and body style of the same.  (a) State the name and address of the owner of said vehicle on the date of said accident.  (b) State the name and address of the driver of said vehicle on said date.

6)      State the name and address of each person occupying said vehicle on the occasion of said accident, stating specifically how and in what manner said occupants were located in or on said vehicle on said occasion.

7)      State fully the purpose of the trip you were making with said vehicle at the time of the alleged accident.  (a)  From what point were you going?  (b) To what point were you going? (c) What lane were you traveling prior to impact and what lane was Defendant Lee in?

8)      State specifically what portions of the vehicles involved in said accident first came in contact with each other.  (a) Describe any other contact that took place.

9)      State your best judgment of the distance in feet each of the vehicles involved in the said accident traveled on said occasion from the moment of the collision to the point where each of said vehicles first came to a stop immediately thereafter.  (a) In what direction did each of said vehicles move from the point of said collision until they came to a complete stop?

10)     State whether you saw the other vehicle involved in said collision at any time prior to the collision.  If so, state (a) specifically where said other vehicle was located when you first observed the same with reference to the point of the collision; (b) your best judgment of the distance in number of feet separating said other vehicle from the point of the collision at the time you first observed said vehicle; (c) your best judgment of the speed in miles per hour of said other vehicle at the moment you first observed same on said occasion; (d) whether said other vehicle changed its course of travel at any time from the moment you first observed the same until the collision occurred and, if so, then describe fully and in detail what change said vehicle made in the course of its travel.  (e) Did the vehicle occupied by you make any change in the course of its travel from the moment you first observed said other vehicle until the collision occurred and, if so, described fully such change in the course of travel of the vehicle occupied by you.  (f) State your best judgment of distance in number of feet the vehicle occupied by you traveled from the moment you first observed said other vehicle until the said collision occurred.

11)     State fully, specifically and in detail, each and every act or thing done by the operator of the vehicle occupied by you during the last 100 feet of said vehicle's approach to the point of said collision, stating in your answer the chronological order in which said

operator did each of said acts or things.

12)     State whether the brakes on the vehicle occupied by you were applied prior to the collision.  If so, state (a) your best judgment of the speed in miles per hour said vehicle was traveling at the moment the brakes were applied; (b) your best judgment of the distance in number of feet said vehicle traveled from the moment the brakes were applied until said collision occurred; (c) your best judgment of the distance said vehicle traveled from point of impact or collision to the point where it first came to rest immediately thereafter. (d) Describe each and every skid mark or tire mark which led up to the point of collision.  (e) Describe each and every skid mark which extended from the point of collision toward the place where either of the motor vehicles involved in the accident came to rest.

13)     State your best judgment of the speed in miles per hour of the vehicle occupied by you on the occasion of said accident at each of the following points before reaching the point of the collision:  (a) 200 feet; (b) 150 feet; (c) 100 feet; (d) 50 feet; (e) 25 feet; (f) at the moment of the collision.

14)     State your best judgment of the speed in miles per hour of the other vehicle involved in said collision at the following points before reaching the point of the collision:  (a) 200 feet; (b) 150 feet; (c) 100 feet; (d) 50 feet; (e) 25 feet; (f) at the moment of the collision.

15)     State whether there were any other vehicles at or near the scene of the accident at the time of and immediately prior to the time of the same. (a) If so, state the number of such other vehicles and where they were located with reference to the point of the accident at the moment same occurred and whether they played any part in causing said accident to occur.

16)     Did you make any statements in the presence of the operator of the other vehicle involved in the collision following the occurrence of the same?  If so, state (a) when, where and what was said by you; (b) the name and address of each person present when such statement or statements were made. (c) Did you talk to the police officer who investigated said accident?  If so, state in detail what was said by you.

17)     Did the operator of the other vehicle involved in said accident make any statements in your presence following the occurrence of said accident?  If so, state (a) when, where and what was said by the operator of the other vehicle; (b) the name and address of each person present when such statement or statements were made.

18)     State in detail what you contend that the Defendant did or did not do to cause the accident alleged in the complaint. Include in this answer all facts to support such contentions, as well as the names and addresses of all persons who will testify to such facts.

19)     Did you receive personal injuries in the alleged accident?  (a) If so, describe each and every injury sustained by you.  (b) Have you fully recovered from said injuries at the time you answer these Interrogatories?  (c) If not, from which of said injuries have you not recovered.  (d) To what extent have you not recovered from the same.  (e) Are you still suffering from any of said injuries?  (f) If so, state fully and in detail how and to what extent you are still suffering from the same.

20)     State the names and address of all doctors who have examined or treated you for said injuries.  (a) State your best judgment of the date you were first treated by each of said doctors.  (b) State your best judgment of the nature and kind of treatment given you by each of said doctors.  (c) State your best recollection of the number of times you were

examined or treated by each of said doctors.  (d) When were you last examined or treated by each of said doctors?  (e) Are you still under the care of any doctors for said injuries?  (f) If so, state the name and address of any doctors who are still tending you for your injuries. (g) For which of said injuries are you still under the care of a doctor?

21)   State the names and addresses of all doctors who have previously treated or examined you for injuries referred to in 20 above.  (a) State your best judgment of the date you were first treated by each of said doctors.  (b) State your best judgment of the nature and kind of treatment given you by each of said doctors.  (c) State your best recollection of the number of times you were examined or treated by each of said doctors.  (d) When were you last examined or treated by each of said doctors?  (e) Are you still under the care of any doctors for said injuries?  (f) If so, state the name and address of any doctors who are still tending you for your injuries.  (g) For which of said injuries are you still under the care of a doctor?

22)   Make an itemized statement of all expenses incurred on account of your alleged injuries for doctors, hospitals, nurses, appliances and medicines.

23)   State whether any insurance company or any person, firm or corporation other than yourself or your spouse paid all or any portion of any expense for medicine, physicians, dentists, nurses, hospitals or other related care or treatment which you received as a result of the injuries allegedly suffered by you in the accident made the basis of this suit.  If so, state (a) the name of the person, firm or corporation paying such item of expense; (b) which of the items of expense were so paid; (c) the total amount of the expenses so paid.

24)   Have you sustained personal injuries before or after the accident made the

basis of this suit?  If so, state (a) when, where and under what circumstances you sustained such personal injuries; (b) what personal injuries you sustained; (c) the names and addresses of any and all hospitals to which you have been confined for treatment on account of said injuries; (d) the names and addresses of all physicians or other practitioners of the healing arts who treated you for said injuries; (e) the condition for which each physician or other practitioner attended you; (f) the period of time you were attended by each of said physicians or practitioners; (g) when you were last seen professionally by each of said physicians or practitioners; (h) if before, whether you had fully recovered from such injuries at the time of this accident.

25)   Have you ever made a claim or filed suit against any person, firm or corporation on account of personal injuries sustained by you prior or subsequent to the date of the accident made the basis of this suit?  If so, state (a) when, where and against whom you made said claim or filed said suit; (b) for what injuries you made said claim or filed said suit; and (c) if you filed suit on any such claim, identify by name and location the court in which said suit or suits were filed.

26)   For each employment you have had currently and in the past ten years, state: (a) the name and address of your employer; (b) the nature of the duties of your said employment; (c) your average weekly earnings from said employment; (d) the date you first work in said employment; (e) the date you last worked in said employment; (f) the number of working days, if any, you have missed from said employment on account of this accident; (g) your best judgment of the amount of wages or earnings you lost, if any, on account of said injuries from said employment.

Page **9** of **12**

27)     State the name and address of each person you or your attorneys contend was a witness to or has any knowledge concerning the issues involved in this suit or any portion thereof.  (a) State the substance of what each of said witnesses knows regarding the same.

28)     Do you intend to call any expert witness or witnesses to testify in your behalf on the trial of this cause?  If so, state (a) the name and address of each expert witness you expect to call as a witness; (b) the subject matter on which said expert witness is expected to testify; and (c) the substance of the facts and opinions to which the said expert witness is expected to testify, stating a summary of the grounds of each opinion of said expert witness.

29)     If you claim any sum for damage to your motor vehicle, answer the following questions.  (a) State the make, year model and body style of same.  (b) State the name of the owner of same.  (c) State when you first acquired the same.  (d) State the name and address of the person, firm or corporation from whom you first acquired the same.  (e) Did you acquire the same as a new or second-hand vehicle?  (f) For what consideration did you acquire the same?  (g) Do you still own the same?  (h) If not, state when you disposed of same.  (i) To whom did you dispose of same?  (j) For what consideration did you dispose of same?  (k) Did you have the damage to said motor vehicle repaired following the accident? (l) If so, state the name and address of the person, firm or corporation that made said repairs. (m) State the cost of said repairs.  (n) State the name and address of your collision insurance carrier on said motor vehicle on the date of the accident. (o) State the amount said collision insurance carrier paid toward the repair of your said motor vehicle.  (p) Attach to your answers to these Interrogatories a true and correct copy of each and every repair estimate or repair

order in connection with repairs of the damage sustained to said motor vehicle in the accident.  (q) State your best judgment of the reasonable cash market value of said motor vehicle in its wrecked condition immediately following the accident.  (r) State your best judgment of the reasonable cash market value of said motor vehicle immediately preceding the accident.  (s) State your best judgment of the total number of miles said motor vehicle had been driven prior to the date of the accident.

30)    Do you have a cell phone?  If so, who is the carrier and what is your number, including area code?

31)    Please state in detail, providing supporting documentation (bill, receipt, invoice), of all damages you are claiming as a result of the accident in question.

32)    Please state all medication you were taking on the day of the accident, including in your response the reason for taking said medication, how much you take and who prescribed said medication.

33)    Do you understand that these interrogatory answers require timely supplementation upon the discovery of additional information pertinent to the answers to these Interrogatories?

34)    Do you understand that you are making these answers under oath, and are stating they are true and correct?

Respectfully submitted,


/s/  Shaun A. DeCoudres
**SHAUN A. DECOUDRES (DEC004)**
**GRANT L. SMITH (SMI381)**
Attorneys for the Defendant,
Bonded Transportation, Inc.

Page **11** of **12**

**OF COUNSEL**:
**CARR ALLISON**
100 Vestavia Parkway
Birmingham, AL   35216
sdecoudres@carrallison.com
(205) 822-2006

**CERTIFICATE OF SERVICE**

I hereby certify that on the 12th day of July, 2022, I have served a copy of the above and foregoing on counsel for all parties by:

√      Using the CM/ECF system which will send notifications of such to the following:

Michael L. White, Esq.
Floyd, Hunter & White, P.C.
P.O. Box 1227
Millbrook, Alabama 36054

/s/  Shaun A. DeCoudres
**OF COUNSEL**



AlaFile E-Notice

03-CV-2022-900667.00

To: DECOUDRES SHAUN ADDISON
sdecoudres@carrallison.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KRISTINA HASKINS V. LEROY LEE ET AL
03-CV-2022-900667.00

The following alias summons was FILED on 9/22/2022 3:26:53 PM

Notice Date:     9/22/2022 3:26:53 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260



AlaFile E-Notice

ELECTRONICALLY FILED
9/22/2022 3:26 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

03-CV-2022-900667.00

To:  MICHAEL LOY WHITE
     mwhite@floydhunter.com

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KRISTINA HASKINS V. LEROY LEE ET AL
03-CV-2022-900667.00

The following complaint was FILED on 6/3/2022 2:57:29 PM

Notice Date:     6/3/2022 2:57:29 PM

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260

DOCUMENT 19

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Cas<br>03 |
|---|---|---|

ELECTRONICALLY FILED<br>6/3/2022 2:58 PM<br>03-CV-2022-900667.00<br>CIRCUIT COURT OF<br>MONTGOMERY COUNTY, ALABAMA<br>GINA J. ISHMAN, CLERK

Date of Filing:           Judge Code:
06/03/2022

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA**
**KRISTINA HASKINS v. LEROY LEE ET AL**

**First Plaintiff:** ☐ Business ☑ Individual   **First Defendant:** ☐ Business ☑ Individual
                     ☐ Government ☐ Other                        ☐ Government ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☑ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING        A ☐ APPEAL FROM        O ☐ OTHER
                                            DISTRICT COURT

             R ☐ REMANDED              T ☐ TRANSFERRED FROM
                                            OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES ☐ NO   **Note:** Checking "Yes" does not constitute a demand for a<br>jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**

_____WHI095_____      ___6/3/2022 2:58:26 PM___      ___/s/ MICHAEL LOY WHITE___
                              Date                        Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES ☐ NO ☑ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☑ NO

DOCUMENT 19

ELECTRONICALLY FILED
6/3/2022 2:58 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| **KRISTINA HASKINS,** | ) | |
| **an individual,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:  CV-2022-_____** |
| **v.** | ) | |
| | ) | |
| **LEROY LEE,** | ) | **PLAINTIFF DEMANDS** |
| **an individual;** | ) | **TRIAL BY STRUCK** |
| **BONDED TRANSPORTATION,** | ) | |
| **a corporation.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## PLAINTIFF'S COMPLAINT

### FICTITIOUS PARTIES

No. 1, whether singular or plural, the driver of the motor vehicle which collided with plaintiff's vehicle and whose negligence caused the plaintiff's injuries on the occasion made the basis of this suit;

No. 2, whether singular or plural, the owner of the motor vehicle which collided with plaintiff's vehicle on the occasion made the basis of this suit;

No. 3, whether singular or plural, that entity or those entities who or which provided maintenance and upkeep on the motor vehicle(s) involved in the occurrence made the basis of this lawsuit;

No. 4, whether singular or plural, that entity or those entities who or which did any repair work on the motor vehicle(s) involved in the occurrence made the basis of this complaint;

No. 5, whether singular or plural, that entity or those entities who or which manufactured and/or distributed the motor vehicle(s) involved in the occurrence made the basis of this lawsuit, or any of the component parts thereof;

No. 6, whether singular or plural, that entity or those entities who or which were the master or principal of the driver of the motor vehicle(s) involved in the occurrence made the basis of this lawsuit;

No. 7, whether singular or plural, that entity or those entities for whom the driver of the motor vehicle which collided with plaintiff's vehicle was performing some type of service or employment duty at the time of this collision;

No. 8, whether singular or plural, that entity or those entities who or which negligently entrusted the motor vehicle(s) involved in the occurrence made the basis of this lawsuit to the drivers thereof at the time of said occurrence;

No. 9, whether singular or plural, that entity or those entities on whose behalf the vehicle or vehicles involved in the collision made the basis of this lawsuit was being operated at the time of said occurrence;

No. 10, whether singular or plural, that entity or those entities who or which issued, or had a duty to issue, warnings or instructions regarding the use or operation of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

No. 11, whether singular or plural, that entity or those entities who or which tested, inspected, approved, or issued any approval of any of the vehicles involved in the occurrence made the basis of this lawsuit, any component part thereof, or any attendant equipment used or available for use therewith;

No. 12, whether singular or plural, that entity or those entities who or which had supervisory authority relating to the maintenance, operation, or to the selection, training and hiring of drivers of any of the vehicles involved in the occurrence made the basis of this lawsuit;

No. 13, whether singular or plural, that entity or those entities who or which issued any policy of insurance which provided coverage for plaintiff on the occasion made the basis of this lawsuit (including, but not limited to, uninsured motorist coverage);

No. 14, whether singular or plural, that entity or those entities other than those entities described above whose breach of contract or warranty contributed to cause the occurrence made the basis of this lawsuit;

No. 15, whether singular or plural, that entity or those entities other than those entities described above, which is the successor in interest of any of those entities described above;

No. 16, whether singular or plural, that entity or those entities other than those entities described above, which was the predecessor corporation of any of the entities was described above. Plaintiff avers that the identities of the fictitious party defendants are otherwise unknown to Plaintiff at this time, or if their names are known to Plaintiff at this time, their identities as proper parties defendants are not known to Plaintiff at this time, but their true names will be substituted by amendment when ascertained;

## PARTIES

1.      Plaintiff, Kristina Haskins (hereinafter "Plaintiff"), is an individual over the age of nineteen

(19) and a resident of Montgomery County, Alabama.

DOCUMENT 19

2.      Defendant, Leroy Lee (hereinafter "Defendant Lee"), is an individual over the age of nineteen (19) and upon information and belief, is a resident of Pensacola, Florida.

3.      Defendant Bonded Transportation, Inc. (hereinafter "Defendant "Bonded"), upon information and belief, is a foreign corporation that conducts business within the State of Alabama, having its principal place of business at 301 Myrick St., Pensacola, Florida 32505.

4.      Fictitious Defendants, described above as numbers one (1) through eighteen (18), are those persons or entities whose names will be substituted upon learning their true identities.

## FACTS

5.      On or about August 23, 2020, Plaintiff was operating a motor vehicle traveling on W. South Blvd. in Montgomery County, Alabama.

6.      At the aforesaid time, Defendant Lee was operating a 2017 Freightliner Cascadia commercial motor vehicle, VIN No.: 3AKJHHDR1JSJR0439.  Upon information and belief, said commercial motor vehicle was owned by, and/or operated by, and on behalf of Defendant Bonded Transportation, Inc.

7.      At the aforesaid time, Defendant Lee was operating said commercial motor vehicle southbound on W. South Blvd., in Montgomery Alabama, ahead of the Plaintiff's vehicle, one lane to the left of the Plaintiff.

8.      At the aforesaid time and place, Defendant Lee made an illegal right turn from the middle lane of traffic, across the Plaintiff's lane of travel, and caused or allowed his vehicle to collide with the vehicle operated by the Plaintiff.

9.       As a result of the acts and/or omissions of the above-described Defendants, Plaintiff was injured and damaged as follows:

    a.      Plaintiff sustained multiple injuries to his neck, back, and both hands;

b.      Plaintiff has experienced and continues to experience pain and suffering and is reasonably certain to experience pain and suffering in the future;

c.      Plaintiff has experienced and continues to experience mental anguish;

d.      Plaintiff is reasonably certain to experience mental anguish in the future;

e.      Plaintiff was caused to incur medical expenses for treatment from various doctors, physicians, and hospitals;

f.      Plaintiff was caused to incur out-of-pocket medical expenses;

g.      Plaintiff was caused to suffer both past and future lost wages, loss of income, loss of earnings capacity, and lost employment benefits.

## COUNT ONE – NEGLIGENCE/WANTONNESS
### (Against Defendant Lee and Bonded Transportation, Inc.)

10.    Plaintiff re-alleges all preceding paragraphs of the Complaint as if fully set forth herein.

11.    At the aforesaid time and place, Defendants Lee and Bonded Transportation, Inc. and/or one or more of the fictitious party Defendants listed and described in the caption hereinabove, negligently and/or wantonly caused and/or allowed a commercial motor vehicle to collide with the vehicle occupied by the Plaintiff. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above in paragraph nine (9).

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the

Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT TWO – RESPONDEAT SUPERIOR
### (Against Defendant Bonded Transportation, Inc.)

12.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

13.     At the time and place of the incident made the basis of this suit, Defendant Lee was operating a commercial vehicle in the line and scope of his employment for Defendant Bonded.

14.     As such, Defendant Lee was an agent and/or employee of Defendant Bonded. Defendant Bonded was the master or principal of Defendant Lee and are vicariously liable for his actions. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above in paragraph nine (9).

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT THREE – NEGLIGENT/WANTON MAINTENANCE, OPERATION, SERVICE AND/OR REPAIR (Against Defendants Lee and Bonded)

15.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

16.     At the aforesaid time and place, and for some time prior thereto, Defendant Bonded was the owner, lessor, and/or lessee of said commercial vehicle driven by Defendant Lee, and as such

had the authority to supervise the maintenance, operation, service, and repair of said motor vehicle. Defendant Bonded negligently or wantonly exercised, or failed to exercise, said supervisory control over the maintenance, operation, service and/or repair of said motor vehicle. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above in paragraph nine (9).

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

### COUNT FOUR – NEGLIGENT/WANTON HIRING, TRAINING, SUPERVISION AND/OR RETENTION
### (Against Defendant Bonded)

17.     Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

18.     At the aforesaid time and place, and for some time prior thereto, Defendant Bonded had the supervisory authority and were charged with the hiring, training, supervising, and retention of its agents, employees, and/or commercial vehicle drivers, like Defendant Lee. Defendant Bonded negligently and/or wantonly exercised or failed to hire, train, supervise, and retain its commercial vehicle drivers, like and including Defendant Lee. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above in paragraph nine (9).

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory

damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT FIVE - NEGLIGENT/WANTON ENTRUSTMENT
### (Against Defendant Bonded)

19.    Plaintiff re-alleges all preceding paragraphs of this Complaint as if fully set forth herein.

20.    On or about August 23, 2020, Defendant Bonded was the owner of, and had the right of control over the use of the commercial vehicle driven by, Defendant Lee. Defendant Bonded negligently and/or wantonly entrusted said vehicle to Defendant Lee, who negligently and/or wantonly operated said vehicle injuring the Plaintiff. Defendant Bonded entrusted said vehicle to Defendant Lee, and are therefore liable to Plaintiff. Said negligent and/or wanton conduct was a proximate cause of the Plaintiff's injuries and damages described above in paragraph nine (9).

WHEREFORE, on the basis of the foregoing, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

  /s/    Michael L. White
MICHAEL L. WHITE    (WHI095)
*Attorney for the Plaintiff, Kristina Haskins*

OF COUNSEL:

**Floyd, Hunter & White, P.C.**
P.O. Box 1227
Millbrook, Alabama 36054
Telephone:      (334) 285-4488
Facsimile:      (334) 285-4552
E-mail:         mwhite@floydhunter.com

## JURY DEMAND

**PLAINTIFF HEREBY DEMANDS A STRUCK JURY FOR THE TRIAL OF THIS CASE.**

**DEFENDANTS TO BE SERVED BY CLERK OF COURT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

**Leroy Lee**
N 11A Stillman St.
Pensacola, FL  32505

**Bonded Transportation, Inc.**
Via Its Registered Agent
C.W. Haul, Jr.
301 Myrick St.
Pensacola, FL  32505

ELECTRONICALLY FILED
6/3/2022 2:58 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | | |
|---|---|---|
| KRISTINA HASKINS,<br>an individual, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO.:  CV-2022-_____ |
| v. | ) | |
| | ) | |
| LEROY LEE,<br>an individual; | ) | **PLAINTIFF DEMANDS** |
| BONDED TRANSPORTATION, INC.<br>a corporation. | ) | **TRIAL BY STRUCK** |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT BONDED TRANSPORTATION, INC.

COMES NOW the Plaintiff, Kristina Haskins, and requests the Defendant, Bonded Transportation, Inc., to respond to the following interrogatories within the time allowed by the *Alabama Rules of Civil Procedure*.

1.     Please state the name of all insurance adjuster(s) hired on Bonded Transportation, Inc.'s behalf who conducted scene investigations and/or witness interviews?

**ANSWER:**

2.     Have you (Bonded Transportation, Inc.) been correctly named in Plaintiff's Complaint? If not, please state the correct way that you should be designated as a party in an action of law at the time of the occurrence made the basis of this suit and at the time that these Interrogatories are answered.

**ANSWER:**

3.     Describe completely and in detail the vehicle driven on the occurrence made the basis of this lawsuit, including the dimensions and weight of the vehicle.

**ANSWER:**

4.      State the full name and present address of the owner of said motor vehicle driven by Leroy Lee on the date of the occurrence made the basis of this lawsuit.

**ANSWER:**

5.      If the owner of said vehicle involved in the occurrence made the basis of this lawsuit was not the driver, explain fully and in detail the presence of the driver of said vehicle.

**ANSWER:**

6.      State fully the purpose of the trip being made by Leroy Lee on the occasion made the basis of this lawsuit.

**ANSWER:**

7.      At what time had the driver, Leroy Lee, last departed his place of business prior to the occasion made the basis of this lawsuit.

**ANSWER:**

8.      What was the destination of the driver, Leroy Lee, at the time he left his business address on the date of the motor vehicle collision?

**ANSWER:**

9.      Was the driver, Leroy Lee, performing a mission, errand or duty for anybody whatsoever on the occasion made the basis of this lawsuit? If so, state the nature of the mission, errand or duty and give the name and address for the person, firm, corporation, or other entity for whom, said mission, errand or duty was being performed.

**ANSWER:**

10.     Was the driver, Leroy Lee, acting in the line and scope of his duties Bonded Transportation, Inc. at the time of the occurrence on the occasion made the basis of this lawsuit?

**ANSWER:**

11.    Please state if the vehicle involved in the occurrence made the basis of this lawsuit was damaged in any way. If your answer to this Interrogatory is in the affirmative, please state what damage the vehicle sustained and the costs of any repairs. Please attach copies of any and all repair invoices or work order for said vehicle.

**ANSWER:**

12.    State whether any of the occupants of the vehicle involved in the occurrence made the basis of this lawsuit were injured as a result of this wreck at the time of said occurrence.

**ANSWER:**

13.    Do you have in your possession any statements, oral, written or recorded, which in any way relates to the incident made the basis of this lawsuit? If your answer is in the affirmative, please attach a copy of any and all such statements to your responses to theses interrogatories.

**ANSWER:**

14.    Do you have in your possession any photographs or videotapes related in any way to the occurrence made the basis of this lawsuit, including but not limited to photographs of the Defendant's vehicle in its wrecked condition? If your answer is in the affirmative, please attach color copies of all such photographs to your responses to these interrogatories.

**ANSWER:**

15.    State if there were any cellular phones, beepers and/or pagers, car phones, mobile phones, two-way radios, CB radios, etc., or other communicative devices in the vehicle at the time of, or immediately prior to, the occurrence made the basis of this lawsuit. If the answer is yes, please answer the following:

  a)  Was said communicative device being operated at the time of the occurrence made the

basis of this lawsuit?

b) Who provides service for said communicative device, i.e., who is the carrier of said service? Please list the correct name, address and account number of said service.

c) Please produce the billing statement for the month of the occurrence made the basis of this lawsuit, including but not limited to, any and all itemization of calls, transactions, etc.

d) Please produce any recordings of said communications relating to the occasion made the basis of this suit.

**ANSWER:**

16.     State whether there were any other vehicles at or near the scene of the motor vehicle collision made the basis of this lawsuit at the time of or immediately prior to said occurrence.

**ANSWER:**

17.     Do you contend that some mechanical failure or defect in your vehicle or the road or any other thing played a part in causing said incident to occur? If your answer is in the affirmative, then describe:

a) The thing that failed and how it failed, and/or describes the defect and in your description state how it contributed to causing the occurrence made the basis of this lawsuit.

b) How and in what manner any such failure or defect contributed to causing the occurrence made the basis of this lawsuit.

c) The names and addresses of each and every witness who has knowledge of any facts upon which this contention is based.

d) The facts and evidence upon which this contention is based.

**ANSWER:**

18.     State whether at the time of the motor vehicle collision made the basis of this lawsuit there

was in effect one or more policies of insurance by which the vehicle Leroy Lee was operating was insured in any manner regarding any claims resulting from said occurrence. If your answer is in the affirmative, then please state the full name and present address of the issuing company, the policy number, the named insured, and the limits of liability coverage.

**ANSWER:**

19.     Please state whether you contend any person, firm, corporation, partnership or other entity, including the defendants, contributed to cause the occurrence made the basis of this lawsuit. If your answer is in the affirmative, please state with specificity which person, firm, corporation, partnership or other entity you claim contributed to cause the occurrence made the basis of this lawsuit, and specifically, what said person, firm, corporation, partnership or other entity did to contribute to cause the occurrence made the basis of this lawsuit.

**ANSWER:**

20.     Do you have any files, correspondence, reports, documents, memoranda, or other written materials relating in any manner whatsoever to the employment of the driver, Leroy Lee, with the Defendant Bonded Transportation, Inc.? If so, please state with specificity what types of files, reports, documents, memoranda, or other written materials you have. Please attach copies to your responses to these interrogatories.

**ANSWER:**

21.     State whether Leroy Lee ever attended any of the following and, if so, when:

         a)     National Safety Council Defensive Driving Course

         b)     Any other defensive driving course

**ANSWER:**

22.     Was/Is Leroy Lee required to keep daily logs of his duties performed for Bonded Transportation, Inc.? Please attach copies of said logs for the six (6) months prior to the occurrence made the basis of this lawsuit to your answers to these interrogatories.

**ANSWER:**

23.     Please state the name(s) of any and all individuals and entities who or which performed maintenance on the vehicle involved in the occurrence on the occasion made the basis of this lawsuit.

**ANSWER:**

24.     Are the operators of Defendant's vehicles required to make a report of all accidents in which they are involved?

**ANSWER:**

25.     Did the operator make a report of the occurrence made the basis of this suit?

**ANSWER:**

26.     State the date of such report, to whom the report was made, whether the report was written or oral, and the name and address of the present custodian.

**ANSWER:**

27.     Produce any such report.

**ANSWER:**

28.     When was Leroy Lee first employed by you?

        a)      Was any investigation made of his driving record prior to his employment by you?

        b)      Did such investigation reveal any motor vehicle accidents in which he was involved?

    c)    Was a physical examination conducted by you or on your behalf prior to his employment?

    d)    List any physical defects or ailments discovered in such examination.

    e)    Did the driver advise you of any motor vehicle accidents or traffic violations in which he has involved prior to his employment by you, and if so, list those accidents.

    f)    Have you ever received any complaints by anyone concerning the operation of your vehicles by the driver? If so, identify such complaints.

**ANSWER:**

29.    Has the driver been involved in any other accidents while in your employ? If so, state:

    a.  The date and location of each accident.

    b.  The name and address of each person involved in and present at such accident.

    c.  Whether the accident was the fault of the driver.

    d.  The type of vehicle the driver was operating.

**ANSWER:**

30.    State whether any other claims or lawsuits have been made or filed against you as a result of any accidents involving the driver, Leroy Lee. If so, state:

    a)  The name and address of each claimant

    b)  The date of each claim

    c)  The filing date and court for each lawsuit

    d)  The date and location of each accident

**ANSWER:**

31.    With regard to the vehicle that was involved in the occurrence made the basis of this litigation, state:

       a)  The name and address of the manufacturer

       b)  The date it went into service for this Defendant

       c)  Whether it has been in continuous service for this Defendant since the date it went into service

       d)  Its present location and owner

       e)  The exact nature of any and all repairs made as a result of the subject occurrence.

**ANSWER:**

32.    Please state the names and addresses of the witnesses you intend to call at the trial of this cause.

**ANSWER:**

33.    Please state the name and address of each and every expert witness who will testify on your behalf in the trial of this case. Please attach a copy of said expert's Curriculum Vitae and/or resume.

**ANSWER:**

34.    Please state with specificity what exhibits upon which you intend to rely at the trial of this cause.

**ANSWER:**

35.    Have you read and understood each question in the foregoing interrogatories? If your answer is no, please state which interrogatory you did not read and/or understand and why.

**ANSWER:**

36.    Do you understand that these interrogatories are answered under oath and may be used at

the trial of this cause of action?

**ANSWER:**

           /s/    Michael L. White
MICHAEL L. WHITE    WHI095
*Attorney for the Plaintiff, Kristina Haskins*

OF COUNSEL:

**Floyd, Hunter & White, P.C.**
4761 Main Street
Millbrook, Alabama 36054
Telephone:    (334) 285-4488
Facsimile:    (334) 285-4552
E-mail:    mwhite@floydhunter.com

**DEFENDANTS TO BE SERVED BY CLERK OF COURT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

**Leroy Lee**
N 11A Stillman St.
Pensacola, FL  32505

**Bonded Transportation, Inc.**
Via Its Registered Agent
C.W. Haul, Jr.
301 Myrick St.
Pensacola, FL  32505

DOCUMENT 19

ELECTRONICALLY FILED
6/3/2022 2:58 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| KRISTINA HASKINS,<br>an individual,<br><br>      **Plaintiff**,<br><br>v.<br><br>LEROY LEE,<br>an individual;<br>BONDED TRANSPORTATION, INC.<br>a corporation.<br><br>      **Defendants**. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    **CIVIL ACTION NO.:  CV-2022-_____**<br><br>   **PLAINTIFF DEMANDS**<br>   **TRIAL BY STRUCK** |

### PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS
### TO DEFENDANT BONDED TRANSPORTATION, INC.

COMES NOW the Plaintiff, Kristina Haskins, and requests the Defendant, Bonded

Transportation, Inc., to produce the following documents within the time allowed by the *Alabama*

*Rules of Civil Procedure*.

1.      Produce a copy of all employee time sheets, punch cards, or other means used to track

which employees were on duty for Bonded Transportation, Inc. on the date of the incident.

**RESPONSE**:

2.      Produce copies of any photographs or motion pictures of the persons, places or things

involved in the occurrence made the basis of this lawsuit, including the scene of said occurrence

and the motor vehicle collision in said occurrence.

**RESPONSE**:

3.      Produce each and every document pertaining to damage sustained by the vehicles involved

in the collision made the basis of this lawsuit, including but not limited to, repair estimates and

repair bills.

**RESPONSE**:

4.      Produce a list of any and all lawsuits (past and present) against this Defendant claiming injury, death, or damage due to an automobile accident. This should include the civil action number of any such lawsuits, location of filing, current disposition and identify plaintiff and defense counsel.

**RESPONSE**:

5.      Produce a list of all witnesses to be called at the trial of this case.

**RESPONSE**:

6.      Produce a copy of the declarations page of the insurance policy covering the Defendant(s) at the time of this wreck.

**RESPONSE**:

7.      Produce a list of all expert witnesses to be called at the trial of this case.

**RESPONSE**:

8.      Produce copies of any and all resumes or similar documents setting forth the educational background and qualifications of each and every expert witness who you expect to testify at the trial of this case.

**RESPONSE**:

9.      Produce a copy of any and all statements, whether recorded or written, taken of each Plaintiff or any member of Plaintiff's family at any time.

**RESPONSE**:

10.     Produce a copy of any and all statements, whether recorded or written, taken of any witnesses and/or anyone with any knowledge whatsoever of the incident made the basis of this lawsuit.

**RESPONSE**:

11.     Produce copies of any and all of Plaintiff's medical records and/or bills obtained by you pursuant to non-party subpoena or otherwise.

**RESPONSE**:

12.     Produce a copy of your department's accident driving history, including, but not limited to, each and every accident an employee for Bonded Transportation, Inc. has been involved in for the last five (5) years.

**RESPONSE**:

13.     Produce a copy of your insurance policy(s) for coverage on your motor vehicle at the time of the occurrence made the basis of this lawsuit, including the limits of liability.

**RESPONSE**:

14.     Produce a copy of any and all photographs, videotapes, discs, diagrams, recordings or other reproductions of any kind in the possession of the defendants of any person, scene, or vehicle relating to the occurrence made the basis of this lawsuit.

**RESPONSE**:

15.     Produce a copy of any discipline and/or reprimand Leroy Lee has received during his time with Bonded Transportation, Inc.

**RESPONSE**:

16.     Produce a copy of Leroy Lee's personnel file.

**RESPONSE**:

17.     Produce a copy of Bonded Transportation, Inc.'s policies pertaining to driving while under your employee.

**RESPONSE**:

18.     Produce a copy of Bonded Transportation, Inc.'s policies pertaining to what an employee should do in the event of a motor vehicle accident.

**RESPONSE**:

19.     Produce a copy of Bonded Transportation, Inc.'s policies that would in any way pertain to the subject incident involving Leroy Lee.

**RESPONSE**:

20.     Produce any urine drug screen (UDS), blood tests and/or toxicology test results for toxicology tests performed on Plaintiff on August 23, 2020, or at any other time.

**RESPONSE**:


_____/s/_____Michael L. White_____
MICHAEL L. WHITE        WHI095
*Attorney for the Plaintiff, Kristina Haskins*


OF COUNSEL:

**Floyd, Hunter & White, P.C.**
4761 Main Street
Millbrook, Alabama 36054
Telephone:     (334) 285-4488
Facsimile:     (334) 285-4552
E-mail:        mwhite@floydhunter.com


**DEFENDANTS TO BE SERVED BY CLERK OF COURT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

**Leroy Lee**
N 11A Stillman St.
Pensacola, FL  32505

**Bonded Transportation, Inc.**
Via Its Registered Agent
C.W. Haul, Jr.
301 Myrick St.
Pensacola, FL  32505

ELECTRONICALLY FILED
6/3/2022 2:58 PM
03-CV-2022-900667.00
CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA
GINA J. ISHMAN, CLERK

## IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| **KRISTINA HASKINS,**<br>an individual,<br><br>    **Plaintiff,**<br><br>**v.**<br><br>**LEROY LEE,**<br>an individual;<br>**BONDED TRANSPORTATION,**<br>a corporation.<br><br>    **Defendants.** | )<br>)<br>)<br>)<br>)   **CIVIL ACTION NO.:  CV-2022-_____**<br>)<br>)<br>)   **PLAINTIFF DEMANDS**<br>)   **TRIAL BY STRUCK**<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S FIRST INTERROGATORIES
## TO DEFENDANT LEROY LEE

COMES NOW the Plaintiff, Kristina Haskins, and requests the Defendant, Leroy Lee, to respond to the following interrogatories within the time allowed by the *Alabama Rules of Civil Procedure*.

1.      State your full correct name, residence address, business address, date of birth, social security number and driver's license number.

**ANSWER:**

2.      State the name and address of your employer(s) at the present time and for the previous fifteen (15) years, including dates of employment.

**ANSWER:**

3.      Please identify all policies of insurance that were in effect on the date of the incident, including in your answer the: name of the insurance company, policy number, policy period, named insured(s) and policy limits.

**ANSWER:**

4.      State the date, time and location of the motor vehicle collision that is the basis of this lawsuit.

**ANSWER:**

5.      State whether or not you consumed any alcoholic beverages, prescription drugs, non-prescription drugs, or medications within twelve (12) hours prior to the incident and if so, state the type of beverage or drug consumed, when and where you consumed it and the amount/quantity consumed.

**ANSWER:**

6.      With regard to the vehicle you were driving at the time of the motor vehicle collision, please state the name and address of the owner on whose behalf the vehicle was being operated and whether you had the owner's permission to operate the vehicle.

**ANSWER:**

7.      State the name and address of each person accompanying you at the time of the motor vehicle collision, including anyone that may have been following/leading you in a separate vehicle to a common destination.

**ANSWER:**

8.      State the address from where you departed prior to the motor vehicle collision, as well as the address of where you were going.

**ANSWER:**

9.      Describe in detail any and all conversations that took place between you and the Plaintiff, and/or anyone else at the motor vehicle collision site.

**ANSWER:**

10.     Aside from conversations between persons, state whether you overheard any unilateral statements, exclamations, declarations, etc., made by Plaintiff and/or anyone else at the incident site, including in your answer the name of the person that made the statement and the substance of it.

**ANSWER:**

11.     Identify the name, address, and phone number of each person who has knowledge of the motor vehicle collision.

**ANSWER:**

12.     Identify the name and address of every person from whom you, or anyone on your behalf, has obtained a statement, either oral or in writing, concerning the facts of the incident. (Note: this request does not seek the substance of each such communication and therefore does not call for privileged or otherwise protected information).

**ANSWER:**

13.     Did you take any photographs of the vehicles, scene, roadway and/or persons involved in the motor vehicle collision? If so, please identify the device used to take such photographs and generally describe what was photographed.

**ANSWER:**

14.     Do you contend that some mechanical failure or defect in your vehicle or on the road contributed to the motor vehicle collision? If your answer is in the affirmative, please describe the failure/defect.

**ANSWER:**

15.     Do you contend that you have a medical condition that contributed to this incident? If so, please identify the condition and describe in detail the way in which same contributed to the motor vehicle collision.

**ANSWER:**

16.     If you sought medical treatment within one week (seven days) of the occurrence made the basis of this suit, please identify the name and address of the treatment provider and the dates of treatment.

**ANSWER:**

17.     If you wear glasses or prescription lenses and/or have been diagnosed with any vision impairment, please identify the name and address of your eye doctor(s).

**ANSWER:**

18.     Identify all traffic citations you have received within the past ten (10) years, specifying the date and location of the occurrence, the offense(s) charged, whether you were convicted and the fine or penalty levied.

**ANSWER:**

19.     Identify all other traffic incidents you have been in as a driver, specifying the date, location, parties involved, whether you were at fault and whether you were injured.

**ANSWER:**

20.     State whether the vehicle that you were driving at the time of the motor vehicle collision was repaired and if so, state the cost of repairs and the name and address of the person or company making such repairs.

**ANSWER:**

21.     State the name, address and phone number of each person you expect to call as a witness at the trial of the  case.

**ANSWER:**

22.     State whether you expect to call any expert witness at the trial of this case and, if so, identify his/her name and address, education, experience and qualifications, the subject matter upon which each such expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

**ANSWER:**

23.     State whether you owned or otherwise possessed a mobile phone device at the time of the motor vehicle collision. If so, please identify the name of the owner of the device, the number and the cellular/digital provider.

**ANSWER:**

24.     State whether you were "using" (e.g., talking, texting, placing a call, receiving a call or text, using the web browser, checking voicemail, etc.) a mobile phone device at the time of motor vehicle collision. If so, please describe in detail the manner in which you were using the device, including in your answer the identity (name, telephone number and address) of any and all persons with whom you spoke, called or received a call or text from and the substance of the call/text.

**ANSWER:**

25.     If you contend that you were __not__ using a phone at the time of the motor vehicle collision, then please identify that last call that you made or received ***before*** the motor vehicle collision, including in your answer the name and number of the person with whom you spoke and a description of the conversation.

**ANSWER:**

26.     If you contend that you were <u>not</u> using a phone at the time of the motor vehicle collision, then please identify that first call that you made or received **after** the motor vehicle collision, including in your answer the name and number of the person with whom you spoke and a description of the conversation.

**ANSWER:**

27.     If you contend that you were <u>not</u> using a phone at the time of the motor vehicle collision, then please identify that last text message that you sent or received **before** the motor vehicle collision, including in your answer the name and number of the sender/recipient and the substance of the message.

**ANSWER:**

28.     If you contend that you were <u>not</u> using a phone at the time of the motor vehicle collision, then please identify that first text message that you sent or received **after** the motor vehicle collision, including in your answer the name and number of the sender/recipient and the substance of the message.

**ANSWER:**

29.     Do you think that this motor vehicle collision was your fault; and if not, why?

**ANSWER:**

30.     What, if anything, obstructed your vision at the time of the motor vehicle collision?

**ANSWER:**

31.     What, if anything could you have done to avoid the motor vehicle collision?

**ANSWER:**

32.     Has your insurance company advised you of any coverage issues relating to the claims made against you in this lawsuit?

**ANSWER:**

33.    Has your insurance company provided you with a reservation of rights letter?

**ANSWER:**

34.    Have you ever been a party to a lawsuit (either as a plaintiff or as a defendant)?  If your answer is in the affirmative, please identify the style, civil action number, venue and brief description of the nature of the suit.

**ANSWER:**

35.    Do you agree to correct these interrogatories if any of these answers become incorrect?

**ANSWER:**

36.    Do you understand that your answers are under oath?

**ANSWER:**


                                        /s/      Michael L. White
                                MICHAEL L. WHITE        WHI095
                                *Attorney for the Plaintiff, Kristina Haskins*


OF COUNSEL:

**Floyd, Hunter & White, P.C.**
4761 Main Street
Millbrook, Alabama 36054
Telephone:     (334) 285-4488
Facsimile:     (334) 285-4552
E-mail:        mwhite@floydhunter.com

**DEFENDANTS TO BE SERVED BY CLERK OF COURT VIA CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

**Leroy Lee**
N 11A Stillman St.
Pensacola, FL  32505

**Bonded Transportation, Inc.**
Via Its Registered Agent
C.W. Haul, Jr.
301 Myrick St.
Pensacola, FL  32505



**AlaFile E-Notice**

03-CV-2022-900667.00

Judge: BROOKE E REID

To: DECOUDRES SHAUN ADDISON
sdecoudres@carrallison.com

# NOTICE OF SERVICE

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

KRISTINA HASKINS V. LEROY LEE ET AL
03-CV-2022-900667.00

The following matter was served on 9/27/2022

**D001 LEE LEROY**

**Corresponding To**

CERTIFIED MAIL

ELECTRONIC CERTIFIED MAIL RETURN

GINA J. ISHMAN
CIRCUIT COURT CLERK
MONTGOMERY COUNTY, ALABAMA
251 S. LAWRENCE STREET
MONTGOMERY, AL, 36104

334-832-1260